EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
CATHERINE L. BRACKETT, CA Bar No. 332918
catherine.brackett@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
Stremicks Heritage Food and Jack Noenickx

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerardo Duenas, individually and on behalf of all similarly situated individuals,<br><br>          Plaintiff,<br><br>     v.<br><br>Stremicks Heritage Food, a Delaware limited liability company; Jack Noenickx, an individual; and Does 1-10, inclusive;<br><br>          Defendants. | Case No. 5:22-CV-01039<br><br>**DEFENDANTS STREMICKS HERITAGE FOOD'S AND JACK NOENICKX' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Certification of Interested Parties and Disclosure Statement; Declarations of Evan R. Moses, Kevin Cody and Jack Noenickx in Support of Removal of Civil Action to United States District Court; and Civil Cover Sheet]<br><br>Complaint Filed: May 19, 2022<br>Trial Date:      None |

Case No. _____
DEFENDANTS STREMICKS HERITAGE FOODS, LLC'S AND JACK NOENICKX'S NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT

52034540.v1-OGLETREE

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendants Stremicks Heritage Foods, LLC (erroneously sued as Stremicks Heritage Food and Jack Noenickx (together "Defendants"), through their counsel of record, remove the above-entitled action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California.[1]

Federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this case is a "class action" as defined under CAFA, the CAFA diversity of citizenship requirements are fully met, and the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

Defendants state the following grounds for removal:

**I.      INTRODUCTION**

1.      On May 19, 2022, plaintiff Gerardo Duenas ("Plaintiff") filed a Class Action Complaint (the "Complaint") against Defendants in Riverside County Superior Court, Case No. CVRI2202014. Declaration of Evan R. Moses in Support of Defendants' Notice of Removal ("Moses Decl."), at ¶ 2.

2.      On May 25, 2022, Plaintiff's Complaint was served *via* personal service on the registered agent for Defendant Stremicks Heritage Foods, LLC. Moses Decl., at ¶ 3. Attached as **Exhibit A** are true and correct copies of all documents served on Stremicks Heritage Foods, LLC. Defendant Jack Noenickx was later served with process and the documents included in **Exhibit A**.

3.      When a plaintiff files suit in state court, but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to

---

[1] For the sake of clarity both Defendants consent to removal.

federal court. 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it was filed within 30 days of service of the Summons and Complaint on Defendants.

5. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. §§ 1332, *et seq*. This action may be removed from the Superior Court of the State of California for the County of Riverside to this Court under 28 U.S.C. § 1332(d) because it is a putative "class action" comprised of at least 100 members in the aggregate, minimal diversity of citizenship exists between the parties, and the alleged amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide prompt written notice of this Notice of Removal to all adverse parties and the Clerk of the Riverside County Superior Court.

## II. REMOVAL IS PROPER UNDER CAFA

7. Under CAFA, 28 U.S.C. § 1332(d), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2) and (d)(6). This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendants pursuant to 28 U.S.C. §§ 1441 and 1453, because (1) the number of putative class members in the plaintiff class exceeds 100, (2) the amount in controversy exceeds $5 million, and (3) there exists minimal diversity between Plaintiff and Defendants. 28 U.S.C. § 1332(d)(2),(6).

### A. The Removed Action Is a "Class Action" Subject to CAFA Removal

8. This case is a putative "class action" as defined by 28 U.S.C. § 1332(d)(1)(B) and is therefore removable under the provisions of CAFA. *See* **Exhibit A**.

9. In his Complaint, Plaintiff brings this action individually, and on behalf of "all other similarly situated current and former employees." Complaint, at p. 1.

10. California Code of Civil Procedure section 382 is California's class action mechanism for joining claims "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court one or more may sue or defend for the benefit of all." Thus, the allegations under California Code of Civil Procedure Section 382 qualify as "class actions" for removal jurisdiction under CAFA because they "authorize[e] an action to be brought by 1 or more representatives as a class action." *See* 28 U.S.C. § 1711(2).

11. Accordingly, the Complaint is a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(8).

**B.      The Number of Putative Class Members Exceeds 100**

12. The putative class consists of more than 100 members. In the Complaint, Plaintiff alleges Stremicks Heritage Foods, LLC currently "employs at least 100 hourly, non-exempt employees." *See* Complaint, at ¶ 2. Plaintiff purports to bring this action on behalf of himself and a "Non-Exempt Employee Class," defined as all Stremicks Heritage Foods, LLC employees "who worked at least one 3.5-hour shift as a non-exempt employee in the State of California from the period four years prior to the filing of the Action and the date of trial." *Id.*, at ¶ 16. Plaintiff alleges much of this putative class is no longer in Stremicks Heritage Foods, LLC's employ, *id.,* at ¶ 62, but the evidence reveals the total putative class is well over 100 current and former employees. Declaration of Jack Noenickx in Support of Defendants Notice of Removal ("Noenickx Decl."), at ¶ 6.

13. Based on a review of Stremicks Heritage Foods, LLC's business records, the putative class, as defined by Plaintiff's Complaint and who were and are employed by Stremicks Heritage Foods, LLC in California at any time during the four year period before the Complaint (May 19, 2018 to May 19, 2022) through final

judgment,[2] includes 511 putative class members. Noenickx Decl., at ¶ 6. Consequently, this test under CAFA is met.

### C. Plaintiff and Stremicks Heritage Foods, LLC Are Citizens of Different States

14. Diversity of citizenship exists between Defendants and a member of the putative class as required under CAFA. 28 U.S.C. § 1332(d)(2).

15. **Citizenship of Plaintiff.** Plaintiff is a citizen of, and resides in, the State of California. *See* Complaint, at ¶ 1. For diversity purposes, a natural person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he either resides with the intent to remain, or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Accordingly, Plaintiff's claim that he is "a resident of Los Angeles, California" establishes his citizenship in the State of California. Complaint ¶ 1.

16. **Citizenship of Stremicks Heritage Foods, LLC.** If a party is an unincorporated association, such as a partnership or limited liability company ("LLC"), the party's citizenship is that of its members. *See e.g.*, *Jennifer Blum et al. v. Fashion Nova*, LLC, 2022 WL 2133886, at *1 (C.D. Cal. Apr. 1, 2022) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")). Stremicks Heritage Foods, LLC[3] has only one member: Dairy Farmers of America, Inc. ("DFA"). *See* Declaration of Kevin Cody, at ¶ 1. DFA, in turn, is a Kansas corporation, with its principal place of business—

---

[2] For purposes of Defendants' removal, the data regarding number of employees in the class is current through June 23, 2022.

[3] Plaintiff incorrectly named Stremicks Heritage Food as a Defendant. The actual Defendant entity is Stremicks Heritage Foods, LLC. Moreover, Plaintiff did not plead anything about Stremicks Heritage Foods, LLC's membership or citizenship. Instead, Plaintiff merely alleged "Stremicks operates facilities in California in Santa Ana, VA and Riverside, CA." Complaint, at ¶ 2.

4 Case No. _____
DEFENDANTS STREMICKS HERITAGE FOODS, LLC'S AND JACK NOENICKX'S NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT

52034540.v1-OGLETREE

from which its directors and officers control and coordinate DFA's activities—in Kansas City, Kansas. *Id.*, at ¶¶ 4 and 5. If a party is a corporation, such as DFA, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction; the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.*, at 1184. Accordingly, because DFA is a citizen of the State of Kansas, and DFA is the sole member of Stremicks Heritage Foods, LLC, the citizenship of Stremicks Heritage Foods, LLC is Kansas.

17. "Doe" Defendants. The Complaint names "Does 1-10" as defendants in this action. However, citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

18. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizen of at least one defendant. *Id.*, at (d)(2)(A).

### D. The Alleged Amount in Controversy Exceeds $5,000,000

19. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28. U.S.C. § 1332(d)(2).

20. CAFA requires claims of class members in class actions be aggregated. 28. U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

21. Without prejudice to its defense in this action,[4] Defendants aver the

---

[4] Defendants deny all of Plaintiff's allegations, and specifically deny Plaintiff, or any

alleged amount in controversy exceeds the $5,000,000 threshold for removal jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2), based on the following:

22.     <u>Third Cause of Action – Meal Period Violations</u>:     Plaintiff alleges: "Since at least four years prior to the filing of this action, Defendants consistently denied their non-exempt employees the opportunity to take compliant 30-minute meal periods in accordance with these mandates. Defendants' rounding policy applied to meal period clock-in and clock-outs and frequently resulted in automatic adjustments to time records for meal periods that were less than 30-minutes but characterized for payroll purposes as having lasted for 30-minutes." Complaint, at ¶ 37.

When determining the amount placed in controversy by a plaintiff's allegations regarding a common "practice" of meal period violations like those alleged by Plaintiff in the Complaint, an estimate of one meal period violation for every week of work is both reasonable and conservative. *See Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 649 (9th Cir. 2012); *Mackall v. Healthsource Glob. Staffing, Inc.*, No. 16-CV-03810-WHO, 2016 WL 4579099, at *5 (N.D. Cal. Sept. 2, 2016) (acknowledging multiple decisions from California district courts recognize assumptions of one missed meal period per week as "reasonable in light of policy and practice allegations and allegations that defendants' 'regularly' denied class member breaks"); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) (approving defendant's assumption class members missed one required meal period per week).

Based on a review of Defendant Stremicks Heritage Foods, LLC's business records, 511 putative class members worked 62,982 workweeks during the period from May 19, 2018 to May 19, 2022. Noenickx Decl., at ¶ 6. The average hourly rate of any pay for hourly, non-exempt employees (*i.e.*, putative class members) during

---

other putative class member, is entitled to any relief.

1 the entire putative class period was $25.01. *Id*., at ¶ 7. Thus, based on a *conservative*
2 analysis of a violation rate of only 1 meal period violation per employee, per work
3 week, putative class members are entitled to recover up to the following amount for
4 the third cause of action: **$1,575,179.82** [$25.01/hour (average hourly rate for
5 putative class members) x 1 missed meal period per pay period x 62,982 workweeks
6 (number of weeks worked by the putative class during the applicable period)]. Thus,
7 the alleged amount in controversy for Plaintiff's class claim for the third cause of
8 action is **$1,575,179.82**.

9    23.    Fourth Cause of Action – Rest Period Violations:   Plaintiff alleges:
10 "Defendants failed to authorize or permit all required compliant paid rest periods for
11 shifts between 3.5 and ten hours. Defendants further failed to authorize or permit a
12 compliant third rest period for shifts in excess of 10 hours." Complaint, at ¶ 46. As
13 with meal period violations, an estimate of one rest break violation per week of work
14 is both reasonable and conservative where, as here, the Plaintiff contends that that
15 Defendants had a policy or practice of failing to provide rest periods. *Id.*, at ¶¶ 46-47,
16 and 49; *Campbell*, 471 Fed. Appx. at 649; *Mackall*, 2016 WL 4579099, at *5;
17 *Unutoa*, 2015 WL 898512, at *3.

18    Once again, based on a review of Defendant Stremicks Heritage Foods, LLC's
19 business records, 511 putative class members worked 62,982 workweeks during the
20 period from May 19, 2018 to May 19, 2022. Noenickx Decl., at ¶ 6. The average
21 hourly rate of any pay for hourly, non-exempt employees (*i.e.*, putative class
22 members) during the entire putative class period was $25.01. *Id*., at ¶ 7. Thus, based
23 on a *conservative* analysis of a violation rate of only 1 rest period violation per
24 employee, per work week, putative class members are entitled to recover up to the
25 following amount for the third cause of action: **$1,575,179.82** [$25.01/hour (average
26 hourly rate for putative class members) x 1 missed rest period per pay period x
27 62,982 workweeks (number of weeks worked by the putative class during the
28 applicable period)]. Thus, the alleged amount in controversy for Plaintiff's class

claim for the fourth cause of action is **$1,575,179.82**.

24. <u>Fifth Cause of Action – Wage Statement Violations</u>: Plaintiff alleges: "At all times relevant to this complaint, Defendants' rounding policy ensured that Class Members' itemized wage statements did not reflect the true number of hours worked by the employee, and thus inaccurately reflected the amount of gross and net wages earned for both minimum and overtime wages. In addition, Defendants' failure to pay premium wages for missed meal and/or rest periods further ensured that Class Members' wage statements inaccurately reflected gross and net wages earned. . . . Defendants have also failed to keep accurate payroll records for Plaintiff and Class Members in accordance with Labor Code § 1174. Defendants' failure to keep and maintain accurate payroll records reflecting hours worked and wages earned has impeded Plaintiff and Class Members' ability to calculate unpaid wages earned." Complaint, at ¶¶ 52-53. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015).

Based on a review of Defendant Stremicks Heritage Foods, LLC's business records, 8,478 wage statements were issued to 372 putative class members. Noenickx Decl., at ¶¶ 6 and 9. Therefore, putative class members are entitled to recover up to the following amount for the fifth cause of action: **$829,200.00** [8,478 wage statements x $100]. Thus, the alleged amount in controversy for Plaintiff's class claim for the fourth cause of action is **$829,200.00**.

25. <u>Sixth Cause of Action – Failure to Timely Pay Wages During and Upon Termination of Employment</u>: Plaintiff alleges: "Defendants failed to timely pay the minimum wages, overtime wages, and meal and rest period premiums resulting from its deficient timekeeping and meal and rest period policies. . . . Plaintiff and many Class Members have left Defendants' employ during the Class Period. . . . Defendants knowingly failed to pay Plaintiff and Class Members all earned wages

upon termination." Complaint, at ¶¶ 61-62. A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010) (waiting-time penalty claims are governed by three-year statute of limitations under Cal. Code Civ. Proc. § 338(a).)

Based on a review of Defendant Stremicks Heritage Foods, LLC's business records, 148 putative class members were terminated from their employment during the one year period before this action was filed, and their average hourly rate was $25.18. Noenickx Decl., at ¶¶ 7 and 8. Therefore, putative class members are entitled to recover up to the following amount for the fifth cause of action: **$894,393.60** [$25.18/hour x 8 hours x 30 days x 148 putative class members]. Thus, the alleged amount in controversy for Plaintiff's class claim for the fourth cause of action is **$894,393.60**.

26.　Attorneys' Fees:　Plaintiff seeks to recover attorneys' fees, which may be properly included in the calculation of the amount in controversy when an underlying statute authorizes an award of attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). *Galt* also recognizes discretionary attorneys' fees can be included when determining the amount in controversy. *Galt*, 142 F.3d, at 1155-56. In California, with wage and hour class actions settling prior to trial for millions of dollars, "it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement." *Muniz v. Pilot Travel Centers LLC*, No. S-07-0325 FCD EFB, 2007 WL 1302504, at *4, n. 8 (E.D. Cal. May 1, 2007). Therefore, with an underlying alleged amount in controversy of at least $4,873,953.24, Plaintiff would likely seek attorneys' fees of at least 25% of that amount, or **$1,218,488.31** [$4,873,953.24 x .25].

27.　Summary of CAFA Amount in Controversy:　As calculated above, and detailed below, the amounts in controversy for only *four*[5] of Plaintiff's *nine*

---

[5] If necessary, Defendants request the opportunity to more fully brief issues related to the amount in controversy, including the amounts in controversy regarding the five

alleged class claims, including attorneys' fees, is **$6,092,441.55**, which exceeds the amount in controversy required for jurisdiction under 28 U.S.C. § 1332(d) *by more than $1,000,000*.

| Claim | Amount in Controversey |
|---|---|
| Meal Period Violations | $1,575,179.82 |
| Rest Period Violations | $1,575,179.82 |
| Wage Statement Violations | $829,200.00 |
| Late Payment of Wages Violation | $894,393.60 |
| Attorneys' Fees | $1,218,488.31 |
| **Total** | **$6,092,441.55** |

### III. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

28. <u>Removal Is Timely</u>. Defendants timely filed this Notice of Removal within 30 days of service of Plaintiff's Class Action Complaint on Defendants. *See* 28 U.S.C. § 1446(b).

29. <u>Removal to This Court Is Proper</u>. Plaintiff filed his Complaint in the Riverside County Superior Court. This Court is part of the "district and division within which such action is pending . . . " 28 U.S.C. § 1446(a); 84(c).

30. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendants is attached to this Notice of Removal and included as **Exhibit A**.

31. <u>Notice to All Parties and the State Court</u>. Concurrent with the filing of this Notice, Defendants gave written notice of this Notice of Removal to Plaintiff's counsel of record, and will file a copy of this Notice of Removal with the Clerk of the Riverside County Superior Court. 28 U.S.C. § 1446(a), (d).

---

other claims that are not specifically addressed herein.

## IV. CONCLUSION

32. This Court has jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. §§ 1332(d), and this action is properly removable to federal court under 28 U.S.C. §§ 1441, 1446, and 1453.

33. If this Court questions the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so Defendants may have an opportunity to more fully brief the basis for this removal.

DATED: June 24, 2022                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Evan R. Moses
    Evan R. Moses
    Catherine L. Brackett

Attorneys for Defendants
Stremicks Heritage Food and Jack Noenickx