<u>EXHIBIT A</u>

Electronically FILED by Superior Court of California, County of Riverside on 05/19/2022 04:11 PM
Case Number CVRI2202014 0000021939651 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Brigit Prado, Clerk

1   Elliot J. Siegel (Bar No. 286798)
    elliot@kingsiegel.com
2   Julian Burns King (Bar No. 298617)
    julian@kingsiegel.com
3   Zachary Tucker (Bar No. 323084)
    zach@kingsiegel.com
4
    **KING & SIEGEL LLP**
5   724 South Spring Street, Suite 201
    Los Angeles, California 90014
6   tel:   (213) 465-4802
    fax:   (213) 465-4803
7

8   Attorneys for Plaintiff and Putative Class

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| **Gerardo Duenas**, individually and on behalf of all similarly situated individuals, | CASE NO.  CVRI2202014 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1) **Failure to Pay Minimum Wage for All Hours Worked (Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198;);** |
| **Stremicks Heritage Food**, a Delaware limited liability company; **Jack Noenickx**, an individual; and **Does 1-10**, inclusive; | 2) **Failure to Pay Overtime Wages (Lab. Code §§ 510 and 1198);** |
| Defendants. | 3) **Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 1198);** |
| | 4) **Failure to Provide Rest Periods (Cal. Lab. Code §§ 226.7 and 1198);** |
| | 5) **Failure to Provide and Maintain Complete and Accurate Wage Statements;** |
| | 6) **Failure to Provide Wages When Due (Lab. Code §§ 201-204); and** |
| | 7) **Failure to Reimburse Necessary Business Expenses (Lab. Code § 2802);** |
| | 8) **PAGA Penalties (Lab. Code §§ 2699, *et seq.*); and** |
| | 9) **Violation of California Business & Professions Code §§ 17200, et seq. (Unlawful Business Practices).** |
| | **Jury Trial Requested** |

Plaintiff hereby brings this action on behalf of herself and all other similarly situated current and former employees, by and through his counsel of record, alleges as follows:

**PARTIES**

1.     At all relevant times for this Complaint, Plaintiff **Gerardo Deunas** ("Plaintiff") has been a resident of Los Angeles, California. Plaintiff is currently an hourly, non-exempt employee of Defendants and was hired in April 2017. Plaintiff was subject to the policies and practices described in this complaint at all times during his employment at Defendants.

2.     Defendant **Stremicks Heritage Foods, LLC** ("Stremicks") **is a food manufacturing company** specializes dairy products. On information and belief, Stremicks employs at least 100 hourly, non-exempt employees. Upon information and belief, Stremicks' operates facilities in California in Santa Ana, CA and Riverside, Ca.

3.     Defendant **Jack Noenickx** ("Noenickx" or hereinafter "Defendants" with Defendant Stremicks) is the Chief Financial Officer at Stremicks Heritage Foods, LLC. Upon information and belief, he is a resident of the County of Orange in the State of California. Since Mr. Noenickx is a managing agent, director, and/or officer of Defendants and because he caused or directed the acts described herein, he is personally liable for the Labor Code violations set forth in this Complaint under Labor Code section 558.1.

4.     Plaintiff is not currently aware of the names and true identities of defendants Does 1-10. Plaintiff reserves the right to amend this complaint to allege their true names and capacities when this information is available. Each Doe defendant is responsible for the damages alleged pursuant to each of the causes of action asserted, either through its own conduct, or vicariously through the conduct of others. All further references in this complaint to any of the named Defendants includes the fictitiously named defendants.

5.     At all times alleged herein, each Defendant was an agent, servant, joint employer, employee, partner, and/or joint venture of every other Defendant and was acting within the scope of the Defendants' relationship. Moreover, the conduct of every Defendant was ratified by each other Defendant.

**VENUE AND JURISDICTION**

6.     The court has jurisdiction over all causes of action in this complaint pursuant to Article VI,

1

§ 10 of the California Constitution. No federal question is at issue; Plaintiff relies solely on California statutes and law, including the Labor Code and the Business & Professions Code. Because putative class members were employed by Defendants, the policies and practices complained of herein were implemented in Riverside, and Defendants transact business within Riverside County, Defendant is within the jurisdiction of the court for service of process. Moreover, Business & Professions Code § 17204 provides that any person acting on their own behalf may bring an action in any court of competent jurisdiction.

7.    Venue as to Defendant is proper in this Superior Court pursuant to California Code of Civil Procedure § 395. Defendants transact business and/or have offices in this county, employ putative class members in this County, and the acts and omissions alleged herein took place in this county. Moreover, this action is brought on behalf of the State of California as a private attorney general and has jurisdiction in this venue.

## CLASS ACTION ALLEGATIONS

8.    At all times relevant to this Complaint, Defendants have implemented a uniform time clock rounding policy that results in Class Members being consistently denied minimum wages and overtime compensation for all hours worked. Upon information and belief, rather than paying wages based on time actually worked, Defendants round each clock-in and clock-out to the nearest 15-minute interval, resulting in underpayment when, for example, an employee clocks in a minute early or clocks out a minute late, or both. Upon information and belief, this rounding policy results in the systemic underpayment of employee wages over time and in the aggregate.

9.    As a matter of uniform and systemic policy, Defendants failed to authorize and/or permit non-exempt employees to take bona fide meal and rest breaks pursuant to Labor Code § 226.7 based on several uniform policies and practices. First, Defendants' rounding policy results in the provision of meal periods that are frequently less than 30 minutes; by rounding time, a meal period of less than 30 minutes is recorded in Defendants' time keeping system as 30 minutes, illegally depriving employees of a full meal period or premium pay in lieu thereof. *Donahue v. Amn Servs.*, 11 Cal.5th 58, 69 (Cal. 2021) ("Small rounding errors can amount to a significant infringement on an employee's right to a 30-minute meal period.").

10.    Additionally, Defendants penalize employees using a point system when they clock in late for their meal periods or appear late to the start of their shifts. In conjunction with Defendants' rounding

1  policy, this frequently causes employees to cut meal periods short to return to work or risk being disci-

2  plined for being late to their workstation.

3        11.    Accordingly, Defendants failed to authorize and permit compliant meal periods as required

4  by law.

5        12.    As a matter of uniform and systemic policy, Defendants requires non-exempt employees to

6  remain on-premises during their rest periods. These policies prohibited employees from using rest periods

7  in the manner of their choosing, free from their employer's dominion and control. Accordingly, Defend-

8  ants failed to authorize and permit compliant rest periods as required by law.

9        13.    In failing to authorize and/or permit meal and rest periods, Defendants have also imple-

10  mented a uniform policy of denying compensation in lieu of meal and rest periods to its non-exempt em-

11  ployees, notwithstanding its actual knowledge that such employees were uniformly denied compliant meal

12  and rest periods.

13        14.    As a matter of uniform and systemic policy, Defendants required non-exempt employees

14  to utilize their personal cell phones for work-related purposes, including answering texts and calls from

15  their supervisors while at work or on a break, for purposes of scheduling and re-scheduling future work,

16  being assigned tasks, and general administrative matters, and required the use of various mobile phone

17  applications. Defendants further failed to compensate their non-exempt employees for reasonable costs

18  associated with utilizing their personal cell phones for work-related purposes.

19        15.    As a matter of uniform and systemic policy, Defendants required non-exempt employees

20  to purchase work-related equipment, including footwear, necessary for performance of their work duties

21  without reimbursing those employees for the costs associated with their equipment purchases.

22        16.    Plaintiff therefore brings this action on behalf of himself and as a class action on behalf of

23  the following defined Class:

24        **Non-Exempt Employee Class:**

25        *All persons who worked at least one 3.5-hour shift as a non-exempt employee in the State of Cali-*

26        *fornia from the period four years prior to the filing of the Action and the date of trial ("Class").*

27        17.    Common methods of proof exist for determining these issues on a class-wide basis, includ-

28  ing but not limited to, Defendants' employment records, payroll records, timesheets, policies, and

disciplinary records.

18.    **Numerosity.** Plaintiff is informed and believes that, during the class period, at least 50 Class Members have been employed as non-exempt employees by Defendants within the state of California. The number of Class Members is sufficiently numerous such that joinder of all members is impossible or impracticable.

19.    **Typicality.** Plaintiff's claims are typical of all Class Members. Plaintiff, like all other Class Members, was subjected to the policies and practices set forth above. Plaintiff's job duties were typical of Class Members in all relevant respects.

20.    **Adequacy.** There are no material conflicts between the claims of the representative Plaintiff and Class Members that would make class certification inappropriate. Plaintiff understands his obligation to inform the Court of any relationship, conflicts, or differences with any Class Member.  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff is invested in redressing Defendants' illegal practices on behalf of all Class Members. Moreover, Plaintiff has retained competent counsel experienced in both class action and employment litigation.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement, and will vigorously assert the claims of all Class Members. Plaintiff have incurred, and will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

21.    **Existence and Predominance of Common Issues.** Common questions of law and fact exist as to all Class Members and predominate over issues affecting individual Class Members, including, but not limited to:

a.    Whether Defendants had a common policy and/or practice of rounding non-exempt employees' time records to the detriment of those employees;

b.    Whether Defendants unlawfully and/or willfully failed to compensate Plaintiff and Class Members at a minimum wage for all hours worked as a result of its rounding policies;

c.    Whether Defendants unlawfully and/or willfully failed to compensate Plaintiff and Class Members required overtime wages as a result of its rounding policies;

CLASS ACTION COMPLAINT          Exhibit A - Page 16

d.   Whether Defendants had a common policy and/or practice of depriving Plaintiff and Class Members of compliant, off-duty meal and/or rest periods;

e.   Whether Defendants unlawfully and/or willfully deprived Plaintiff and Class Members of compliant, off-duty meal and/or rest periods;

f.   Whether Defendants have a common policy and/or practice of failing to maintain accurate payroll records in the State of California;

g.   Whether Defendants unlawfully and/or willfully failed to maintain accurate payroll records in the State of California;

h.   Whether Defendants have a common policy and/or practice of failing to provide accurate wage statements reflecting hours worked and wages earned to Plaintiff and Class Members;

i.   Whether Defendants unlawfully and/or willfully failed to provide accurate wage statements reflecting hours worked and wages earned to Plaintiff and Class Members;

j.   Whether Defendants have a common policy and/or practice of failing to reimburse Plaintiff and Class Members for reasonable business expenses;

k.   Whether Defendants unlawfully and/or willfully failed to reimburse Plaintiff and Class Members for reasonable business expenses;

l.   Whether Defendants has a policy and/or practice of failing to pay Plaintiff and Class Members final wages owed upon termination;

m.   Whether Defendants unlawfully and/or willfully failed to promptly pay compensation due to Plaintiff and Class Members upon termination of employment in violation of Labor Code §§ 201, 202, and 203;

n.   Whether Plaintiff and Class Members sustained damages as a result of any of the aforementioned violations, and, if so, the proper measure of those damages, including interest, penalties, costs, attorneys' fees, and equitable relief; and

o.   Whether Defendants violated the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., by violating the above provisions of law.

22. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual Class Members, while substantial, are small compared to the burden and expense of individual prosecution of the complex and expensive litigation necessary to address Defendants' conduct. Even if Class Members themselves could afford individual litigation, the court system would be overwhelmed by individual lawsuits if all Class Members sought redress. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; it allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Plaintiff contemplates providing individual notice to members of the class defined above as identified through Defendants' records.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198*

*Unpaid Minimum Wages*

**(Plaintiff and Class Against Defendants)**

23. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

24. California law requires employers to compensate employees for all time that an employee is "suffered or permitted to work," which includes all time "when any employer 'directs, commands or restrains' an employee." *See, e.g., Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 583 (2000), as modified (May 10, 2000); *see also* Code Regs. tit. 8, § 11070 ("'Hours worked' means the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so.").

25. Under applicable California law, rounding of time is only allowed when the policy is "fair and neutral on its face and it is used in such a manner that it will not result, over a period of time, in failure

to compensate the employees properly for all the time they have actually worked." *See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889, 907 (2012); *see also* 29 C.F.R. § 785.48 ("For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.").

26.    Defendants employed a timeclock rounding policy that consistently and as a matter of common policy and practice failed to pay Class Members at least minimum wages for all hours worked. Additionally, Defendants' time policies were not fair and neural on their face because Defendants' written policies subjected employees to discipline for showing up late to the start of their shift or after a break but not for arriving early, thus penalizing employees when rounding worked to their favor but not when it worked against them.

27.    As a result of Defendants' failure and refusal to comply with California law, Plaintiff and Class Members are entitled to recover actual and liquidated damages for the unpaid time, plus injunctive relief and reasonable attorney's fees and costs. Lab. Code §§ 1194, 1197.1.

## SECOND CAUSE OF ACTION

### *California Labor Code §§ 510 and 1198*

### *Unpaid Overtime*

### (Plaintiff and Class Against Defendants)

28.    Plaintiff incorporates by reference every allegation in this complaint as if fully set forth herein.

29.    California Labor Code §§ 510 and 1198 provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

30.    Plaintiff and Class Members who work more than eight hours in a day or more than forty hours in a workweek are to be paid at the rate of time and one-half (1½) for all hours worked in excess of eight hours in a day or more than forty hours in a workweek. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including commissions, non-discretionary bonuses and incentive pay. *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 573

Exhibit A - Page 19

(2018), as modified (Apr. 25, 2018).

31.     Throughout the Class Period, Plaintiff and other Class Members were not paid overtime premiums for all of the hours they worked in excess of eight hours in a day, in excess of twelve hours in a day, in excess of eight hours on the seventh consecutive day of work in a workweek, and in excess of forty hours in a week, because all hours worked were not recorded as a direct consequence of Defendants' rounding policy.

32.     Defendants knew or should have known that its rounding policy resulted in Plaintiff and Class Members working unpaid overtime. Because Plaintiff and Class Members sometimes worked shifts of more than eight hours a day or forty hours a week, some of the time lost pursuant to Defendants' rounding policy should have been compensated at the appropriate overtime rate of pay. Accordingly, Defendants' time clock rounding policy resulted in Plaintiff and Class Members being deprived of earned overtime wages.

33.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

*California Labor Code §§ 226.7, 512(a), and 1198*

*Meal Period Violations*

**(Plaintiff and Class Against Defendants)**

34.     Plaintiff incorporates by reference every allegation in this complaint as if fully set forth herein.

35.     At all times relevant to this complaint, Defendants knew they were obligated to provide legally-compliant meal breaks to its non-exempt employees pursuant to Labor Code §§ 512 and 226.7. Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

36.     Labor Code section 226.7, 512(a), and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC. "An off-duty meal

period, therefore, is one in which the employee is relieved of all duty during the 30-minute meal period . . .an employer's obligation is to provide an off-duty meal period: an uninterrupted 30–minute period during which the employee is relieved of all duty." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1035 (2012).

37.     Since at least four years prior to the filing of this action, Defendants consistently denied their non-exempt employees the opportunity to take compliant 30-minute meal periods in accordance with these mandates. Defendants' rounding policy applied to meal period clock-in and clock-outs and frequently resulted in automatic adjustments to time records for meal periods that were less than 30-minutes but characterized for payroll purposes as having lasted for 30-minutes. *See Donohue v. Amn Servs.*, 11 Cal.5th 58, 69 (Cal. 2021) ("By requiring premium pay for any violation, no matter how minor, the structure makes clear that employers must provide compliant meal periods whenever such a period is triggered. This corroborates the conclusion that rounding is improper []. A premium pay scheme that discourages employers from infringing on meal periods by even a few minutes cannot be reconciled with a policy that counts those minutes as negligible rounding errors.").

38.     Defendants' policies and practices served to deprive the Class of a full 30-minute break period free of employer control or relieved of all duties. Upon information and belief, employees were required to skip breaks, take breaks after the fifth hour of work, or work through them due to Defendants' policies and practices.

39.     Accordingly, Plaintiff and Class Members were uniformly denied meal periods as a result of Defendants' formal policies and practices. By failing to consistently provide uninterrupted, off-duty 30-minute meal periods, Defendants violated the Labor Code as to Plaintiff and Class Members.

40.     Pursuant to Labor Code § 226.7(b), Plaintiff and Class Members are entitled to recover from Defendants an additional hour of pay at their regular rates of pay for each shift in which a required meal period was not provided.

**FOURTH CAUSE OF ACTION**

*Labor Code §§ 226.7 and 1198*

*Failure to Provide Rest Periods or Premium Pay in Lieu Thereof*

**(Plaintiff and Class Against Defendants)**

41.    Plaintiff incorporates by reference every allegation in this complaint as if fully set forth herein.

42.    At all times relevant to this complaint, Defendants knew they were obligated to provide compliant rest breaks to its non-exempt employees pursuant to Labor Code § 226.7.

43.    Labor Code § 226.7 provides:

> (a)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b)    If any employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

44.    Labor Code § 226.7, 512(a), and 1198 provide that no employer shall require an employee to work during any rest or meal period mandated by an applicable order of the IWC, including Wage Order No. 1. Employers must authorize and permit employees to be relieved of all duty during their rest and meal periods: "A rest period, in short, must be a period of rest."[1] *Augustus v. ABM Sec. Servs., Inc.*, 385 P.3d 823, 834 (2016).

45.    Employees must also be free to leave the employer's premises during their rest period. *See id.* at 270 ("In the context of a 10-minute break that employers must provide during the work period, a broad and intrusive degree of control exists when an employer requires employees to remain on call and respond during breaks. An employee on call cannot take a brief walk—five minutes out, five minutes

---

[1] Employees must also be free to leave the premises. *Augustus*, 2 Cal. 5th at 270; *see also* Department of Industrial Relations, "Rest Periods/Lactation Accommodations," *available at https://www.dir.ca.gov/dlse/FAQ_RestPeriods.htm* ("Q. Can my employer require that I stay on the work premises during my rest period? A. No, your employer cannot impose any restraints not inherent in the rest period requirement itself.")

back—if at the farthest extent of the walk he or she is not in a position to respond. Employees similarly cannot use their 10 minutes to take care of other personal matters that require truly uninterrupted time."); *see also* Department of Industrial Relations, "Rest Periods," *available at* https://www.dir.ca.gov/dlse/FAQ_RestPeriods.htm ("Q. Can my employer require that I stay on the work premises during my rest period? A. No, your employer cannot impose any restraints not inherent in the rest period requirement itself.").

46. Defendants failed to authorize or permit all required compliant paid rest periods for shifts between 3.5 and ten hours. Defendants further failed to authorize or permit a compliant third rest period for shifts in excess of 10 hours.

47. Defendants also failed to implement a lawful rest period policy that relieved Plaintiff and Class Members from all duties and/or allowed them to leave their worksite during rest periods. Further, Defendants' written policies require employees to clock out when they take their rest breaks, rendering them unpaid, in violation of the above mandates.

48. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed or non-compliant rest periods, in an amount to be established at trial.

49. Pursuant to Wage Order No. 4 and Labor Code § 226.7(b), Plaintiff and Class Members are entitled to recover from Defendants an additional hour of pay at their regular rates of pay for each shift that a compliant rest period was not provided. Defendants were aware that their actions were a violation of applicable law but consistently refused to pay premium pay as required by law.

### **FIFTH CAUSE OF ACTION**

### *Labor Code §§ 226 and 1174*

### *Failure to Provide Complete and Accurate Wage Statements*

### **(Plaintiff and Class Against Defendants)**

50. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

51. Labor Code § 226 requires employers to furnish employees with an accurate, itemized statement in writing showing, among other things, (1) gross wages earned; (2) total hours worked by the

Exhibit A - Page 23

employee (for hourly-paid, non-exempt employees); (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and the last four digits of his or her social security number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

52.     At all times relevant to this complaint, Defendants' rounding policy ensured that Class Members' itemized wage statements did not reflect the true number of hours worked by the employee, and thus inaccurately reflected the amount of gross and net wages earned for both minimum and overtime wages. In addition, Defendants' failure to pay premium wages for missed meal and/or rest periods further ensured that Class Members' wage statements inaccurately reflected gross and net wages earned.

53.     Defendants have also failed to keep accurate payroll records for Plaintiff and Class Members in accordance with Labor Code § 1174. Defendants' failure to keep and maintain accurate payroll records reflecting hours worked and wages earned has impeded Plaintiff and Class Members' ability to calculate unpaid wages earned.

54.     _Injury_. Defendants knowingly and intentionally failed to comply with Labor Code § 226, causing injury and damages to Plaintiff and Class Members. Plaintiff and all those similarly situated were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how much compensation was owed. These damages include, but are not limited to, costs incurred calculating the correct net wages for each pay period and the amount of employment taxes that were not paid to state and federal tax authorities.

55.     _Relief_. Labor Code § 226(e)(1) provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one hundred ($100) dollars for each subsequent violation, up to $4,000. Pursuant to Labor Code §§ 226(e) and (g), Plaintiff and all others similarly situated are entitled to injunctive relief to ensure Defendant's compliance with Labor Code § 226, as well as attorney's fees and costs of suit.

### SIXTH CAUSE OF ACTION

#### *Labor Code §§ 201, 202, 203, and 204*

#### *Failure to Pay Wages When Due*

#### (Plaintiff and Class Against Defendants)

56.　Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

57.　Labor Code § 201 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages[2] shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of quitting.

58.　Defendants do not include definite periods of service in their contracts of employment for Class Members employed at their California facility.  Plaintiff's contract of employment did not include a definite term.

59.　Labor Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with § 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

60.　Labor Code § 204 provides that all wages, other than those mentioned in Section 201 and 202, are due and payable twice during each calendar month, on days designated in advance by the employer as regular paydays.

61.　<u>Failure to Timely Pay Wages Due.</u> As set forth above, Defendants failed to timely pay the

---

[2] Labor Code § 200 defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  "Labor" is defined as "labor, work, or service . . . if the labor to be paid for is performed personally by the person demanding payment."

Exhibit A - Page 25

minimum wages, overtime wages, and meal and rest period premiums resulting from its deficient time-keeping and meal and rest period policies.

62. <u>Failure to Pay Upon Termination.</u>  Plaintiff and many Class Members have left Defendants' employ during the Class Period.  As discussed above, Defendants knowingly failed to pay Plaintiff and Class Members all earned wages upon termination. Instead, Defendants willfully and intentionally refused to pay the earned rest and/or meal period premiums and earned minimum wages as alleged herein to Plaintiff and Class Members in violation of Labor Code §§ 201 and 202.

63. <u>Relief.</u>  Defendants' failure to pay Plaintiff and those Class Members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employment, violates Labor Code §§ 201 and 202.  Plaintiff and formerly employed Class Members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a 30-day maximum penalty under Labor Code § 203.

## SEVENTH CAUSE OF ACTION

### *California Labor Code § 2802 –*

### *Failure to Reimburse Necessary Business Expenses*

### (Plaintiff and Class Against Defendants)

64. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

65. Labor Code section 2802 provides that "[a]n employer shall indemnify his or his employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or his duties, or of his or his obedience to the directions of the employer." Lab. Code § 2802. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. Cochran v. Schwan's Home Service, Inc., 228 Cal. App. 4th 1137, 1144 (2014).

66. Defendants required Plaintiff and Class Members to use their cellphones in the regular course of employment by answering texts and calls from their supervisors while at work or on a break, for purposes of scheduling and re-scheduling future work, being assigned tasks, and general administrative

**Exhibit A - Page 26**

matters, and required the use of various mobile phone applications.

67.     Defendants further required Plaintiff and Class Members to purchase work-related equipment, including footwear.

68.     Defendants failed to reimburse a reasonable portion of the Class Members' cellphone related expenses despite requiring the use of the device and/or applications that required a data plan. *See Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1144 ("We hold that when employees must use their personal cell phones for work related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills."). Defendant further failed to reimburse Plaintiff and the Class Members for the purchase of work-related equipment.

69.     By unlawfully failing to pay Plaintiff and Class Members, Defendants are liable for a reasonable portion of the incurred expenses, to be determined upon trial, plus reasonable attorneys' fees and costs. Lab. Code § 2802.

## EIGHTH CAUSE OF ACTION

### *Labor Code §§ 558, 2698, et seq.*

### *Private Attorneys General Act ("PAGA") Penalties*

### (Plaintiff and Class Against Defendants)

70.     Plaintiff incorporates by reference all the allegations of this Complaint as though fully set forth herein.

71.     <u>Entitlement to Penalties.</u> Under the California Private Attorneys General Act ("PAGA"), Labor Code § 2698, *et seq.*, an aggrieved employee may bring a representative action as a private attorney general, on behalf of herself and other current or former employees as well as the general public, to recover penalties for an employer's violations of the Labor Code and IWC Wage Orders. These penalties are in addition to any other relief available under the Labor Code and are allocated seventy-five percent to the Labor and Workforce Development Agency and twenty-five percent to the affected employees.

72.     These penalties may be "stacked" separately for each of Defendants' violations of the Labor Code. *See, e.g.*, *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972, 2012 WL 2373372, at *17 n.77 (C.D. Cal. June 22, 2012) ("[F]ederal courts applying California law have concluded that stacking is

Exhibit A - Page 27

1  appropriate."); *see also O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2016 WL 3548370, at *7

2  (N.D. Cal. June 30, 2016) ("Finally, Plaintiff ignore the potential for stacking of PAGA penalties related

3  to wage-and-hour claims other than the gratuities and expense reimbursement claim, i.e., meal and rest

4  breaks, minimum wage and overtime, and workers' compensation.").

5        73.    Plaintiff is an "aggrieved employee" under PAGA, as he was employed by Defendants dur-

6  ing the applicable statutory period and suffered the Labor Code violations alleged herein. Accordingly, he

7  seeks to recover, on behalf of himself and all other current and former aggrieved employees of Defendants,

8  the civil penalties provided by PAGA, including civil penalties for Defendants' violations of Labor Code

9  §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1182.12, 1401, 1174, 1194, 1198, and Industrial Wage

10  Order No. 1, plus reasonable attorneys' fees and costs.

11        74.    <u>Representative Action.</u>  Plaintiff seeks to recover the PAGA civil penalties through a rep-

12  resentative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46

13  Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required, but Plaintiff may

14  choose to seek certification of the PAGA claims.

15        75.    Labor Code § 2699(a), which is part of PAGA, provides:

16
17      Notwithstanding any other provision of law, any provision of this code that pro-
vides for a civil penalty to be assessed and collected by the Labor and Workforce
18  Development Agency or any of its departments, divisions, commissions, boards,
agencies, or employees, for a violation of this code, may, as an alternative, be re-
19  covered through a civil action brought by an aggrieved employee on behalf of
themselves or themselves and other current or former employees pursuant to the
procedures specified in § 2699(a).

20        76.    <u>Penalties.</u>  Labor Code § 2699(f), which is part of PAGA, provides:
21

22      For all provisions of this code except those for which a civil penalty is specifically
provided, there is established a civil penalty for a violation of these provisions, as
23  follows: . . . (2) If, at the time of the alleged violation, the person employs one or
more employees, the civil penalty is one hundred dollars ($100) for each aggrieved
24  employee per pay period for the initial violation and two hundred dollars ($200)
for each aggrieved employee per pay period for each subsequent violation.
25

26        77.    Based on the foregoing, Plaintiff and aggrieved employees are entitled to civil penalties, to

27  be paid by Defendants and allocated as required by PAGA in the following formula: (a) in an amount set

28  forth as a civil penalty in the underlying statute; or (b) $100 per initial violation per employee per pay

period, and $200 for each subsequent violation per employee per pay period. Plaintiff, the aggrieved employees, and the State of California are entitled to recover the maximum civil penalties allowed by law for the violations of the Labor Code and IWC Wage Order No. 4 as alleged in this Complaint.

78.     Plaintiff is also entitled to recover for himself, other aggrieved employees, and the State of California, civil penalties pursuant to Labor Code § 210 (entirely independent and apart form, any other penalty provided in this article) in the amount of $100 per employee per initial violation of the timely payment requirements of Labor Code § 240 (semimonthly payments) and $200 per employee for each subsequent violation, plus 25% of the amount unlawfully withheld, and Labor Code § 558 in the amount $50 per underpaid employee for each pay period for which the employee was underpaid and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid.

79.     <u>Procedural Requirements Met.</u>  Plaintiff electronically filed a notice of claims with the LWDA contemporaneously with this Complaint and sent a copy to Defendants by certified mail. Plaintiff has not received notice from the LWDA that it was exercising jurisdiction over the allegations set forth in the notice. As of 65 days from date of electronic filing, all requirements for administrative exhaustion for bringing these PAGA claims will have been met. Labor Code § 2699.3(a)(2).

<h2 style="text-align:center"><u>NINTH CAUSE OF ACTION</u></h2>

<b><i>California Business & Professions Code §§ 17200, et seq.</i></b>

<b><i>Unlawful Business Practices</i></b>

<b>(Plaintiff and Class Against Defendants)</b>

80.     Plaintiff repeats and incorporate by reference every allegation in this complaint as if fully set forth herein.

81.     Defendants Stremicks and Noenickx are "persons" as defined by California Business & Professions Code § 17201, as they are a natural person, corporations, firms, partnerships, joint stock companies, and/or associations.

82.     <u>Unlawful Business Practices.</u> Defendants' knowing violations of the Labor Code constitutes an unlawful business practice as set forth in Business & Professions Code § 17200, et seq.

83.     Defendants' failure to abide by the laws discussed herein provided Defendants an unfair

17<br>CLASS ACTION COMPLAINT

advantage over their competitors at the expense of their workers. Instead, Defendants cuts corners in the name of higher profits and at the expense of employee well-being. Defendants' actions thereby constitute an unfair, fraudulent, and/or unlawful business practice under Business & Professions Code § 17200, et seq.

84. <u>Relief</u>. Plaintiff brings this cause of action seeking equitable and injunctive relief to stop Defendant's willful and ongoing misconduct, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein. In addition, Plaintiff seeks an award of costs and attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

<b><u>DEMAND FOR JURY TRIAL</u></b>

Pursuant to California Code of Civil Procedure § 631, Plaintiff demands a trial by jury on all issues so triable.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff respectfully prays judgment as follows:

A.     For an Order:

     a.   Certifying the Class;

     b.   Appointing Plaintiff as representative of the Class;

     c.   Appointing Plaintiff's counsel as Class Counsel;

B.     For actual and liquidated damages according to proof at trial;

C.     For statutory and civil penalties and special damages, according to proof at trial;

D.     For pre- and post-judgment interest on monetary damages;

E.     For preliminary and permanent injunctive relief;

F.     For reasonable attorney's fees and costs and expert fees and costs as allowed by law; and

G.     For such other relief as this Court deems just and proper.

1 | Dated:          May 19, 2022                    Respectfully submitted,

2 | **KING & SIEGEL LLP**

3 |

4 | By: _Elliot J. Siegel_

5 | Elliot J. Siegel, Esq.
   | Zachary Tucker Esq.

6 | Attorneys for Plaintiffs

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Electronically FILED by Superior Court of California, County of Riverside on 05/19/2022 04:11 PM
Case 5:22-cv-01039-FLA-SHK - Document 1-1 - Filed 06/24/22 - Page 22 of 82 - Page ID #:34
Case Number CVRI2202014 0000047603 Clerk of the Court By Elizabeth Ulloa-Chavez, Deputy eva Ofrase, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Stremicks Heritage Food, a Delaware limited liability company; Jack Noenickx, an individual; and Does 1-10, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gerardo Duenas, individually and on behalf of all similarly situated individuals,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Superior Court of California

County of Riverside - Riverside Historic Courthouse
4050 Main Street, Riverside, CA 92501

**CASE NUMBER:**
*(Número del Caso):*  CVRI2202014

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

KING & SIEGEL LLP, 724 S. Spring Street, Suite 201, Los Angeles, CA 90014; 213-465-4802

DATE:  5/19/2022
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]  GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Riverside on 05/19/2022 04:11 PM
Case number CVRI2202014 0000xxxxx39x, by Samuel Hamrick Jr., Executive Officer/Clerk of the Court, by x. xxxx, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elliot J. Siegel (SBN: 286798); Zachary Tucker (SBN: 3230084) <br> KING & SIEGEL LLP <br> 724 S. Spring Street, Suite 201, Los Angeles, CA 90014 <br> TELEPHONE NO.: (213) 465-4802    FAX NO.: (213) 465-4803 <br> ATTORNEY FOR *(Name):* Plaintiff Gerardo Duenas | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Duenas v. Stremicks Heritage Food, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited <br> (Amount demanded exceeds $25,000) | ☐ Limited <br> (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CVRI2202014 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☒ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*   9
5. This case ☒ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/19/2022

Elliot J. Siegel     ▶     *Elliot J. Siegel*
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

**Exhibit A - Page 34**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Elliot JH. Siegel (SBN: 286798); Zachary Tucker (SBN: 323084)<br>KING & SIEGEL LLP<br>724 S. Spring Street, Suite 201<br>Los Angeles, CA 90014<br><br>TELEPHONE NO: (213) 465-4802     FAX NO. (Optional): (213) 465-4803<br>E-MAIL ADDRESS (Optional): elliot@kingsiegel.com; zac@kingsiegel.com<br>ATTORNEY FOR (Name): Plaintiff Gerardo Duenas | |
| PLAINTIFF/PETITIONER: Gerardo Duenas<br><br>DEFENDANT/RESPONDENT: Stremicks Heritage Food, et al. | CASE NUMBER:<br>CVRI2202014 |

| **CERTIFICATE OF COUNSEL** |
|---|

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92505 _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 5/19/2022 _____

Elliot J. Siegel _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _Elliot J. Siegel_ _____
(SIGNATURE)

Page 1 of 1

Exhibit A - Page 35

Electronically FILED by Superior Court of California, County of Riverside on 05/31/2022 12:53 PM
Case Number CVRI2202014 J0000045433939 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Tamica Dowell, Clerk

Electronically RECEIVED by Superior Court of California, County of Riverside on 05/20/2022 05:06 PM - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

Elliot J. Siegel (Bar No. 286798)
elliot@kingsiegel.com
Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Zachary Tucker (Bar No. 323084)
zach@kingsiegel.com
**KING & SIEGEL LLP**
724 South Spring Street, Suite 201
Los Angeles, California 90014
tel:   (213) 465-4802
fax:   (213) 465-4803

Attorneys for Plaintiff and Putative Class

The Request for disqualification of judicial officer pursuant
To CCP 170.6 has been reviewed and is hereby:

☒  Approved          05/23/2022

☐  Not Approved

Reason: _____

By: _____
(Judicial Officer)

Honorable Craig Riemer

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| **Gerardo Duenas**, individually and on behalf of all similarly situated individuals,<br><br>              Plaintiff,<br><br>       vs.<br><br>**Stremicks Heritage Food**, a Delaware limited liability company; **Jack Noenickx**, an individual; and **Does 1-10**, inclusive;<br><br>              Defendants. | CASE NO. CVRI2202014<br><br>[Assigned for all purposes to the Hon. Craig Riemer, Dept. 1]<br><br>**AFFIDAVIT OF PREJUDICE (170.6)**<br><br>Case Filed: May 19, 2022 |

**PLEASE TAKE NOTICE** that, in accordance with Section 170.6 of the California Code of Civil Procedure, Plaintiff Gerardo Duenas hereby requests that this case, which involves contested issues of law and/or fact, and which has been assigned for all purposes to the Honorable Craig Riemer in Department 1 of the above entitled Court, be assigned to some other judge and that no matters hereinafter arising in this case be heard by or assigned to the Honorable Craig Riemer, on the grounds that said judge is prejudiced against Plaintiff or his attorneys, or the interests of Plaintiff or his attorneys, and that Plaintiff or his attorneys believe that Plaintiff cannot have a fair and impartial trial before said judge, or that said judge cannot be fair and impartial in any pre-trial motions or proceedings.

Dated: May 20, 2022

Respectfully submitted,

**KING & SIEGEL LLP**

By: _Elliot J. Siegel_

Elliot J. Siegel
Zachary Tucker
Attorneys for Plaintiff

Exhibit A - Page 37

## __DECLARATION OF ELLIOT J. SIEGEL__

I, Elliot J. Siegel, hereby declare:

1.     I am an attorney in the Law Firm of King & Siegel LLP, attorney for Plaintiff Alyssa Perez in this action.

2.     I have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to those facts.

3.     The Honorable Judge Craig Riemer is prejudiced against Plaintiff Gerardo Duenas or his attorneys or the interests of the Plaintiff and/or his attorneys such that declarant believes that Plaintiff cannot have a fair and impartial trial or fair and impartial rulings on any law and motion matters which may be scheduled before Judge Riemer in this action.

4.     The action was assigned to Judge Riemer on May 19, 2022 and notice provided on May 19, 2022 by the deputy clerk. As such, this challenge is timely under Section 170.6(a)(2) of the California Code of Civil Procedure as it is made within 15 days of such notice.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct to the best of my knowledge and belief.

Executed in Los Angeles, California.


Dated: May 20, 2022

By: _Elliot J. Siegel_
Elliot J. Siegel
Attorney for Plaintiff

2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Marisol Contreras, hereby state that I am over the age of 18 and not a party to this action. I am employed in and a resident of the county where service occurred, and my business address is 724 S. Spring Street, Suite 201, Los Angeles, California 90014.

On May 20, 2022, I caused to be served the following documents described below using the method(s) of service indicated herein:

1. **AFFIDAVIT OF PREJUDICE (170.6)**

These documents have been served on the interested parties in this action as follows:

**STREMICKS HERITAGE FOOD, LLC**
c/o Incorporating Services, LTD.
7801 Folsom Blvd., #202
Sacramento, CA 95286

**JACK NOENICKX**
4002 Westminster Avenue
Santa Ana, CA 92703

**[X] BY U.S. MAIL:** I enclosed the document set forth above in a sealed envelope or package addressed to the person at their last known address on the above service list and deposited the sealed envelope with a United States Postal Service drop-box, postage fully prepaid.

I declare under penalty of perjury pursuant the laws of State of California that the foregoing is true and correct.

Executed on May 20, 2022 in Los Angeles, California.

*Marisol Contreras*
Marisol Contreras

Exhibit A - Page 39

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2202014

**Case Name:**   DUENAS vs STREMICKS HERITAGE FOOD

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Craig Riemer in Department 1  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 05/19/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

B. Prado, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2202014

**Case Name:**   DUENAS vs STREMICKS HERITAGE FOOD

ELLIOT J. SIEGEL
724 S. SPRING STREET, SUITE 201
Los Angeles, CA 90014

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 07/18/2022 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 41




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/19/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

B. Prado, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 42

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**  CVRI2202014

**Case Name:**  DUENAS vs STREMICKS HERITAGE FOOD

GERARDO DUENAS

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/18/2022 | 8:30 AM | Department 1 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 43





| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| --- | --- |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/19/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
      B. Prado, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 44

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2202014

**Case Name:**   DUENAS vs STREMICKS HERITAGE FOOD

STREMICKS HERITAGE FOOD

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 07/18/2022 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 45

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/19/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

      B. Prado, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 46

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2202014

**Case Name:**    DUENAS vs STREMICKS HERITAGE FOOD

JACK NOENICKX

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| **07/18/2022** | **8:30 AM** | **Department 1** |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 47



Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 05/19/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

B. Prado, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Exhibit A - Page 48

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2202014

SIEGEL, ELLIOT J.                          DUENAS, GERARDO
724 S. SPRING STREET, SUITE 201
Los Angeles, CA 90014
                                           NOENICKX, JACK

STREMICKS HERITAGE FOOD

Exhibit A - Page 49

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563


**Case Number:**    CVRI2202014

**Case Name:**    DUENAS vs STREMICKS HERITAGE FOOD


ELLIOT J. SIEGEL
724 S. SPRING STREET, SUITE 201
Los Angeles, CA 90014

### NOTICE OF CASE REASSIGNMENT FOR ALL PURPOSES

You are hereby notified that the above-entitled case has been reassigned to the Honorable Raquel A. Marquez in Department S303 for all purposes.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (www.riverside.courts.ca.gov/interpreter/form_IN005) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.


Dated: 05/31/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court


by: _____
T. Dowell, Deputy Clerk

Exhibit A - Page 50

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

**Case Number:**   CVRI2202014

**Case Name:**   DUENAS vs STREMICKS HERITAGE FOOD

GERARDO DUENAS

### NOTICE OF CASE REASSIGNMENT FOR ALL PURPOSES

You are hereby notified that the above-entitled case has been reassigned to the Honorable Raquel A. Marquez in Department S303 for all purposes.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (www.riverside.courts.ca.gov/interpreter/form_IN005) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 05/31/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
T. Dowell, Deputy Clerk

PR-NCRD
(Rev. 07/19/18)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

**Case Number:**  CVRI2202014

**Case Name:**  DUENAS vs STREMICKS HERITAGE FOOD

STREMICKS HERITAGE FOOD

### NOTICE OF CASE REASSIGNMENT FOR ALL PURPOSES

You are hereby notified that the above-entitled case has been reassigned to the Honorable Raquel A. Marquez in Department S303 for all purposes.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (www.riverside.courts.ca.gov/interpreter/form_IN005) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 05/31/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
T. Dowell, Deputy Clerk

PR-NCRD
(Rev. 07/19/18)

Exhibit A - Page 52

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

**Case Number:**     CVRI2202014

**Case Name:**     DUENAS vs STREMICKS HERITAGE FOOD

JACK NOENICKX

## NOTICE OF CASE REASSIGNMENT FOR ALL PURPOSES

You are hereby notified that the above-entitled case has been reassigned to the Honorable Raquel A. Marquez in Department S303 for all purposes.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|   | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (www.riverside.courts.ca.gov/interpreter/form_IN005) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 05/31/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
T. Dowell, Deputy Clerk

PR-NCRD
(Rev. 07/19/18)

Exhibit A - Page 53

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2202014

SIEGEL, ELLIOT J.
724 S. SPRING STREET, SUITE 201
Los Angeles, CA 90014

DUENAS, GERARDO

NOENICKX, JACK

STREMICKS HERITAGE FOOD

Exhibit A - Page 54

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
Court Ruling re: Complex

06/01/2022
8:30 AM
Department S303

**CVRI2202014**
**DUENAS vs STREMICKS HERITAGE FOOD**

Honorable Craig Riemer, Judge
E. Escobedo, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**

No Appearances

Court deems case complex pursuant to Section CRC 3.400.
Minute entry completed.

Exhibit A - Page 55

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| CASE TITLE: Duenas v. Stremicks Heritage Food, LLC | Department 1 |
| CASE NO.:     CVRI2202014 | FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE |
| DATE:          May 28, 2022 | MAY 31 2022   LAT |
| | E. Escobedo |

PROCEEDING: Class Action Case Management Order #1

Unless and until ordered otherwise, this Case Management Order ("CMO") shall govern the management of this case.

## A.    IN GENERAL

1.  The Court finds that this is a complex case. (Cal. Rules of Court, rules 3.400(c)(6) and 3.403(b).) The clerk shall impose fees accordingly. The court will entertain objections to this designation at the next Case Management Conference or status conference.

2.  This case has been assigned to Department 1 for all purposes, including case management, law and motion, and trial.

3.  The plaintiff shall serve a copy of this CMO on any defendants who had not yet appeared at the time this order was filed, and shall file proof of service promptly thereafter.

4.  Any party who has appeared in the action at the time this CMO is entered has 15 days from the service of the CMO in which to object to the CMO. Any party appearing after the entry of the CMO shall have 15 days from that initial appearance in which to object to the CMO. Any such objections shall be in writing and shall be presented to the Court in the form of a noticed motion to amend the CMO. Any party that fails to file such a motion within those 15 days forfeits its objections to the CMO.

5.  If the Court issues an order to show cause why the Court should not take some specified action, the party to whom the OSC is directed shall respond with a written declaration filed no later than five court days before the hearing on the OSC. (RSC Local Rule 3116.) The Court may deem the failure to file a timely declaration, by itself, to constitute an admission by the responding party that good cause to avoid the threatened sanction or other action does not exist. (RSC Local Rule 3116.)

6.  The Court will not grant any relief based on a stipulation of a party that has not yet paid its first-appearance fee.

7.  If plaintiff's counsel intends to ask to recover attorney's fees incurred in prosecuting this action, plaintiff's counsel should maintain contemporaneous time records for this case from this date forward, in time increments of no more than a tenth of an hour.

Page 1 of 22

B.   SERVICE AND RESPONSIVE PLEADINGS

1.   All defendants named at the time of the filing of this CMO shall be served no later than 30 days, and proofs of service filed no later than 7 days, before the case management conference.

2.   Any defendant named after the filing of this CMO shall be served, and proof of service shall be filed, within 60 days of the filing of the pleading, amendment, or amended pleading naming that defendant.  (Modifying Cal. Rules of Court, rule 3.110(b).)

3.   The power of the plaintiff to grant extensions of time in which to file responsive pleadings is subject to the limits in California Rules of Court, rule 3.110(d), except that the maximum extension by counsel is extended to either 30 days or five court days before the next case management conference, whichever is shorter.

4.   If a defendant fails to file an answer or any other responsive pleading within 30 days of service, or within any extension granted by the plaintiff or the Court, the plaintiff must request entry of default not later than 30 days after the time for service of the responsive pleading has elapsed.  (Modifying Cal. Rules of Court, rule 3.110(g).)

5.   The plaintiff shall serve a copy of this CMO simultaneously with any summons and complaint served after the date of entry of this order.

6.   The Court should not be asked to evaluate the sufficiency of a pleading until the pleader has stated his or her case or defense as strongly as possible.  Therefore, if a party is considering either an amendment of a pleading or a challenge to an opponent's pleading:

   a.   The parties shall strictly comply with Code of Civil Procedure sections 430.41, 435.5, and 439.  Before filing a demurrer, motion to strike, or motion for judgment on the pleadings, the parties shall meet and confer to determine whether the challenge to the pleading is arguably meritorious and, if so, whether the parties will stipulate to leave to amend being granted to allow the pleading to be amended in an attempt to cure the asserted defect.

   b.   Any party who believes that his or her pleading needs to be amended shall meet and confer with the opposing party to discuss whether the amendment is arguably necessary and whether the opposing party will stipulate to the filing of the amended pleading.  Consent to such an amendment shall not be unreasonably withheld.

   c.   The parties "shall meet and confer in person or by telephone" (§§ 430.41, subd. (a), 435.5, subd. (a), & 439, subd. (a)) to discuss any arguable defects in the pleadings, and whether those potential defects can be resolved or diminished by amendment.  Merely sending a letter or email to opposing counsel does not constitute a meeting, and thus does not comply with this order. Counsel for the moving or demurring party must follow up on any such written communication with an oral request either by telephone or in person.

   d.   Any challenge to a pleading, and any motion for leave to amend a pleading, must be accompanied by a declaration describing those meet-and-confer efforts, including

the date of the meeting, whether it was in person or by telephone, the persons involved, and the issues discussed. The declaration shall also describe any offer to amend and any response to that offer.

e.  In the absence of evidence of such an effort to meet and confer, the Court may either (i) continue the hearing until such an effort has been made or (ii) take the hearing off calendar and direct the filing of a new motion or demurrer.

## C.  MEDIATION

The court expects the parties to engage in private mediation at the earliest practicable time, i.e., as soon as all parties have obtained – preferably through informal means – sufficient information from the opposing party(s) to enable them to engage in meaningful mediation.

## D.  CASE MANAGEMENT AND THE CASE PROGRESSION PLAN

1.  The Court finds that this case involves exceptional circumstances that are likely to prevent this case from meeting the goals and deadlines set by California Rules of Court, rule 3.713(b). Accordingly, this case is exempt from those case disposition time goals. (*Id.*, rule 3.714(c)(1).) With the input from the parties, the Court shall develop a case progression plan with the goal of disposing of the case within three years. (*Id.*, rule 3.714(c)(2).)

2.  Prior to the first Case Management Conference, counsel for the parties shall meet and confer regarding the joint statement required by RSC Local Rule 3160. Unless counsel have opposed each other in some other case within the last year, that meeting shall be either in person or by videoconference.

3.  Not later than five court days in advance of the first Case Management Conference, all parties that have appeared shall file the joint statement required by rule 3160 instead of Judicial Council form CM-110 [case management statement]. In addition to the items listed in Rule 3160, the statement shall:

    a.  Advise the Court whether any of the parties or their counsel are aware of any other class action, putative class action, or other type of representative or collective action in this or any other jurisdiction that asserts claims similar to those here on behalf of a class, putative class, or other group of individuals that in any way overlaps with the putative class alleged here.

    b.  Describe the parties' case progression plan, which shall include at least (i) a statement as to whether the parties agree to pursue mediation and (ii) a plan of the informal discovery and any formal discovery to be conducted in preparation for mediation, for class certification, or for both.

4.  Not later than five court days before any subsequent Case Management Conference, status conference, or trial setting conference, the parties shall file a joint statement that:

a. Describes the status of the case, including (i) the results of any mediation or other settlement efforts, (ii) the degree to which the case progression plan has been implemented, and (iii) any changes or additions to the case progression plan; and

b. Identifies any issues or concerns that either party wishes to discuss with the Court.

5. If mediation is unsuccessful, the case progression plan shall be expanded prior to the next status conference to include (a) a pre-certification discovery schedule, (b) a deadline for filing a motion for class certification, and (c) a proposed briefing schedule for that motion.

6. Lead counsel shall appear at the Case Management Conference and status conferences.

E. <u>DISCOVERY</u>

1. Counsel are encouraged to engage in informal discovery rather than relying on formal discovery. The Court does not stay or otherwise limit informal discovery.

2. The discovery stay under RSC Local Rule 3160(B) is vacated as to interrogatories concerning the identity of and contact information for members of the putative class. Any such interrogatories propounded by the plaintiff to the defendant shall be accompanied by (a) a proposed *Belaire West* notice, (b) the name of a proposed third-party administrator, and (c) a proposal regarding the allocation of the cost of the notice.

3. All other formal discovery concerning class-certification issues is stayed pending further order of the court. Requests for leave to propound formal discovery concerning class-certification issues may be made either by submitting a declaration and proposed order or by making an oral request at status conferences or at informal conferences with the Court in accordance with paragraph 5 below. The Court will grant such a request if the applicant demonstrates:

a. That the parties have met and conferred to discuss both (i) the scope and sources of the information needed either to permit a meaningful mediation or to support or oppose a class-certification motion and (ii) whether the parties would agree to exchange that information informally;

b. That the parties were unable to reach an agreement; and

c. The discovery is reasonably necessary either (i) to permit a meaningful mediation or (ii) to make or oppose a certification motion.

4. All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to whether a class should be certified to prosecute those claims) is stayed until a motion regarding class certification has been granted.

5. No discovery motions may be filed without leave of court. If a discovery dispute arises:

a. The parties shall meet and confer either in person or by telephone in a good-faith effort to resolve the dispute. If, despite that effort, the parties are unable to resolve the dispute, then counsel shall send an email to this department at

dept1@riverside.courts.ca.gov and request an informal discovery conference (IDC) at which the court will discuss the dispute with counsel and, if not resolved to the parties' satisfaction, will consider any request for leave to file a formal motion.

b.    The request for an IDC shall include:

    i.    A brief description of (A) the discovery issue or issues to be resolved and (B) the parties' respective positions regarding each issue. Each issue should be described in a single paragraph, and each party's position should be described in no more than a single paragraph per issue. No such description should be sent to the Court until counsel for each party has approved both the scope of the issues to be decided and the description of that party's position on those issues; and

    ii.    Three different dates and times at which all counsel litigating the discovery dispute agree to be available for a telephonic conference with the Court. The proposed dates may be Monday through Friday and should be no more than three weeks from the date of this email. The proposed starting times should be between 2:00 P.M. and 4:00 P.M.

c.    The conference may be conducted by telephone or in person, as counsel prefer. If the conference is to be by telephone, counsel shall provide the Court with the call-in telephone number and passcode no later than 24 hours before the scheduled conference.

d.    If the opposing side will not agree to participate in an informal conference, then the moving party shall bring an *ex parte* application for leave to file a discovery motion.

e.    Requesting an IDC tolls the deadline to file the discovery motion. (Code Civ. Proc., § 2016.080, subd. (c)(2).) If the court grants the IDC request, tolling ends on the date the IDC is complete. If the court denies the IDC request, tolling ends on the date the court gives notice of the denial. If the court takes no action on the IDC request, tolling ends 15 days after the request. (*Id.*, subd. (d).)

## F.    REQUESTS FOR DISMISSAL OF CLASS CLAIMS

If the plaintiff seeks to dismiss or otherwise abandon either the entire action, any cause of action asserted on behalf of the putative class, or any defendant against whom any cause of action is asserted on behalf of the class:

1.    Because any such dismissal requires court approval, the plaintiff shall not use the preprinted Request for Dismissal, Judicial Council form CIV-110. Instead, the request shall be made by the submission to the court of (a) a declaration from plaintiff's counsel, (b) a declaration from each named plaintiff, and (c) a proposed order of dismissal.

2.    The declarations shall state whether the plaintiff has attempted to settle the plaintiff's individual claims, and if so, the status of those negotiations.

3.    The declarations must comply with California Rules of Court, rule 3.770(a), pertaining to any consideration being paid for the dismissal. Because the purpose of that rule is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

4.    If the dismissal is in exchange for any consideration other than a waiver of costs, the declaration of plaintiff's counsel shall authenticate a fully executed copy of any settlement agreement. In addition, the declaration shall address each of the following:

    a.    What is the form and value of the consideration, and to whom is it to be paid?

    b.    If the consideration is in the form of one or more monetary payments, how was the amount of that monetary consideration calculated?

    c.    Is the plaintiff required to execute a release in addition to a dismissal? If so, what is the scope of that release?

    d.    How is the retention of that consideration either by the plaintiff or the plaintiff's attorney consistent with their respective fiduciary duties to the class? In particular, if the plaintiff has negotiated a settlement of any individual claim against any defendant separate from the representative claims, and that settlement provides for the payment to any plaintiff of consideration other than a waiver of costs, the declaration shall as to each such individual claim:

        i.    Estimate both (A) the total amount of damages, monetary penalties, attorney's fees and costs, interest, or other relief that the plaintiff would be awarded if the action were entirely successful at trial on that claim, and (B) the total amount of damages, monetary penalties, attorney's fees and costs, interest, or other relief that the plaintiff could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks;

        ii.    Briefly describe the basis for those estimates; and

        iii.    Describe the form and value of the consideration to be paid in satisfaction of that claim.

5.    The declarations by plaintiff and plaintiff's counsel shall state (a) whether the declarant has ever informed any of the putative class members – whether formally or informally, orally or in writing, individually or as a group – of the preparation, filing, or pendency of the action, and (b) if so, both (i) the nature and extent of that information and (ii) whether the declarant knows or has a means of discovering the name and mailing address of the putative class member or members to whom that information was communicated.

6.    If the dismissal is in exchange for no consideration other than a waiver of costs, the request shall explain the reason for the dismissal. If the reason is that the named plaintiff no longer wishes to prosecute the case on behalf of the putative class:

    a.    The plaintiff shall explain the reason for his or her change of heart. Simply stating that the plaintiff no longer wishes to represent the class is not sufficient.

    b.    The plaintiff's counsel shall explain why counsel wishes to abandon the class claims rather than locate a new class representative.

7.    Any request shall explain why the putative class members will not be prejudiced by the requested dismissal.

8.    If the complaint alleges any claims under Labor Code section 2699 (PAGA), and the plaintiff intends to dismiss any of those representative claims because the plaintiff has negotiated a settlement of individual claims against any defendant separate from the representative claims, and that settlement provides for the payment to any plaintiff of any consideration (other than a waiver of costs) that is in addition to or instead of PAGA penalties, the plaintiff's counsel's declaration shall describe the information required by section H.9.

## G.    MOTIONS & APPLICATIONS GENERALLY

1.    A party making an *ex parte* application must, *inter alia*, "[a]ttempt to determine whether the opposing party will appear to oppose the application." (Cal. Rules of Court, rule 3.1204(a)(2).) That attempt shall be made by telephone. Written notice asking the opposing party to inform the moving party of the opposing party's intentions is not sufficient.

2.    A party desiring an order shortening time for notice of a motion shall not bring an *ex parte* application for such an order until that party has first (a) reserved the earliest available hearing date for the motion and (b) filed the motion. The Court will not deem the *ex parte* application as constituting the motion to be heard.

3.    Any request for relief from a forfeiture of the right to a jury trial must be brought in the form of a noticed motion to be heard not later than the Trial Readiness Conference, or if no TRC is set, then not later than 21 days before the date first set for trial.

4.    Any party who obtains an order as a result of any motion, application, stipulation or recommendation filed by that party shall promptly (a) serve a copy of that order on all parties and (b) file a proof of that service with the Court.

5.    Any motion or application for relief shall describe any prior motion or application in this case for the same or similar relief, including the name of the party who brought the prior motion or application, the date of the ruling on that motion or application, and the nature of that ruling.

6.    Any request to continue a hearing, a case management conference, or a status conference must be (a) labelled as being a request for such relief, (b) supported by a declaration or stipulation establishing the facts that demonstrate good cause for that relief, and (c) accompanied by a proposed order.

7.   If the court is asked to take judicial notice of some document already filed with the Riverside Superior Court to support or oppose some motion or application, the request shall state (a) the name and case number of the case in which the document is filed, (b) the full name of the document, and (c) the date on which the document was filed.  (Cal. Rules of Court, rule 3.1306(c)(1).)  A second copy of the document shall not be attached to the request.

8.   Counsel shall not lodge copies of out-of-state authorities to which they have cited unless that authority is not available on Lexis and Westlaw.

9.   When offering evidence in support of or in opposition to a motion, no declaration shall be included as an exhibit to any other declaration.


H.   MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENT

If the matter is settled, a motion for preliminary approval of the settlement must be filed.

1.   Settlement Agreements in General

   a.   The settlement agreement shall not provide that any order, notice, form, or judgment shall include any provision that this order prohibits from being included in such a document.  (See §§ H.3 through H.10 and I, *infra*.)

   b.   The settlement agreement shall be written, signed by all necessary parties, and filed, either in the form of a separate stipulation or as an authenticated attachment to a declaration of counsel.

2.   Notices of Settlement

   Regardless of the terms of the proposed settlement, counsel shall not file a Notice of Settlement of Entire Case (Judicial Council form CM-200).

3.   The Motion in General

   a.   The motion shall be supported by a declaration from the plaintiff's attorney that, *inter alia*:

      i.   Sets forth the attorney's estimate of the number (A) of individuals in the class and (B), if the settlement also resolves a claim for statutory penalties under the Labor Code Private Attorney General Act of 2004 ("PAGA"), of aggrieved employees employed during the applicable PAGA period.

      ii.   (A) Sets forth the attorney's estimate, as of the date the motion is made, of the total amount of damages, monetary penalties or other relief that the class would be awarded on each claim if that claim were entirely successful at trial; (B) explains how that estimate was calculated; and (C) states the collective total for all of the claims.

      iii.   Sets forth: (A) the attorney's estimate, as to each claim and as of the date the motion is made, of the total amount of damages, monetary penalties or other

relief that the class could reasonably expect to be awarded at trial, taking into account difficulties of proof, the defendant's defenses, and other attendant risks; (B) the attorney's reasons for those estimates; and (C) the likely award at trial for all claims collectively.

iv.    Provides a foundation for those estimates by setting forth both (A) the number of class certification orders that the estimating attorney (as opposed to the attorney's firm as a whole) has obtained following contested certification motions concerning similar claims and (B) the number of trials that the estimating attorney (as opposed to the attorney's firm as a whole) has conducted concerning class or individual actions alleging similar claims.

v.    Sets forth the attorney's estimate of the recovery (A) by the average class member if the proposed settlement of the class claims were approved, and (B) by the average aggrieved employee if the proposed settlement of any PAGA claims were approved. If the recovery by different class members or aggrieved employees will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

vi.    Describes in detail the nature and extent of the formal and informal discovery exchanged and other factual investigation conducted to determine the size of the class and the strength of the class claims.

vii.    States (A) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals some or all of whom would also be members of the class defined in this action, (B) whether the attorney has conducted reasonably diligent research to determine whether any such action exists, and (C) whether the attorney has reasonably inquired of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions. If any such similar actions are known to exist, the declaration shall also state (D) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case.

viii.    Describes any other agreements between the plaintiff and the defendant that resolve individual claims asserted by the plaintiff against the defendant, including (A) the nature of the claims, (B) the reasonable value of the claims, and (C) the consideration exchanged to resolve those claims.

b.    The motion shall be supported by a declaration from the defendant's attorney that (i) states whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of

individuals some or all of whom would also be members of the class defined in this action, (ii) describes the research conducted by the attorney to determine whether such an action exists, and (iii) describes the attorney's inquiry of the defendant and of other members of the attorney's law firm and any associated law firm to determine whether the defendant or those individuals are aware of any such similar actions. If any such similar actions are known to exist, the declaration shall also state (iv) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case.

c.   The motion shall describe how the value of any uncashed checks, unpaid cash residue, or other unclaimed or abandoned funds will be distributed. If the agreement provides for those unclaimed funds to be distributed to a *cy pres* rather than escheating to the state:

    i.   The motion shall (A) identify the proposed recipient, (B) explain how a distribution to that recipient would be consistent with Code of Civil Procedure section 384, and (C) explain the reason for choosing proposed recipient as opposed to other potential recipients considered.

    ii.   The motion shall be supported by a declaration from a knowledgeable person from the proposed recipient. The declaration shall:

        A.   Establish that the recipient is a nonprofit organization, foundation, or program of the type described in section 384, subdivision (b).

        B.   Describe the history of the recipient, the types of projects that it has conducted or supported over the last five years, and any particular use to which it would intend to devote the unpaid residue if received.

        C.   Describe the geographic area in which the recipient operates in general, and the nature and extent of the services it provides in Riverside County in particular.

    iii.   The declarations of the attorneys for the plaintiff and for the defendant shall describe both:

        A.   Any relationship between the proposed recipient and (1) any class representative or other party, (2) any officer, director, or manager of any party, or (3) any attorney or law firm for any party; and

        B.   The inquiries the attorney made to determine the existence and extent of any such relationship.

    iv.   The agreement shall not provide that the unclaimed funds be deposited into the Industrial Relations Unpaid Wage Fund. (Lab. Code, § 96.6.) That fund is limited to wages or monetary benefits determined by the Labor Commissioner to be due to an employee after an investigation by the Labor Commissioner, and thus will not accept wages, penalties or interest

distributed as part of the settlement of a lawsuit brought by a plaintiff other than the Labor Commissioner.

d.  If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by:

    i.  A declaration from the plaintiff's attorney, stating whether bids were sought from multiple potential administrators and, if so, the results of that competitive bidding. If no competitive bids were sought, or if the parties did not select the lowest bidder, the declaration shall explain the reason for that decision.

    ii.  A declaration from the administrator describing:

        A.  The administrator's experience;

        B.  The fee to be charged by the administrator to perform the services described in the settlement agreement and proposed order;

        C.  Whether that fee is (1) fixed, (2) hourly, or (3) hourly with a cap; and

        D.  How the fee was calculated.

e.  Any release to be given by the participating class members (other than the class representatives) shall be limited to:

    i.  The defendants named in the complaint, together with their officers, directors, and employees.  If any other parties are sought to be released, the motion shall both (A) identify those other parties by name and (B) explain the facts that justify their inclusion.

    ii.  The claims stated in the complaint and those based solely upon the facts alleged in the complaint.

    iii.  Liability that arose during the class period as defined by the settlement agreement.

f.  If notice is not to be given by first class mail to addresses believed to be current, the motion shall discuss the proposed method of giving notice, the alternative methods considered, and the reasons that the proposed method is the one most likely to give actual notice to the greatest number of class members. If the identities of the class members are not known, the parties shall consider publication of notice in print, on the web, at the defendant's place of business, and through social media.

g.  If the settlement requires any of the class members to submit claims:

    i.  The motion shall explain why a claim process is reasonably necessary.  If the defendant knows (A) the identity of the class members, (B) their addresses or former addresses, and (C) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

ii.     The motion shall explain the anticipated claims rate, and the basis for that prediction.

h.     If the settlement provides that any portion of the consideration paid or deposited by the defendant may revert to the defendant, the motion shall explain (i) the circumstances under which that reversion would occur, (ii) the maximum amount of any reversion, and (iii) why that reversion is fair.

i.     If the settlement includes compensation for unpaid wages, the motion shall describe how the employer's share of any applicable payroll taxes will be handled. The Court suggests that the employer's share not be paid out of the gross settlement fund.  The Court is not likely to include the amount of those payments when calculating the plaintiff's counsel's percentage attorney's fee.

j.     If the amount of the proposed settlement is sought to be justified in part by the assertion that the defendant cannot afford to pay any greater sum, the motion shall be supported by a declaration from plaintiff's counsel or expert describing (i) the date and nature of the defendant's financial records reviewed by the declarant and (ii) the information contained in those financial records that cause the plaintiff to believe that the defendant cannot afford a greater sum. The latter description shall be in sufficient detail to allow the Court to make an independent evaluation of the defendant's ability to fund a larger settlement.

k.     The documents that will be read by or used by the class members – the proposed notice, objection form, exclusion form, and any claim form – shall be drafted in a manner that is likely to be readily understood by the members of the class.

i.     In particular, they shall not contain any Latin terms (such as *et al.* and *et seq.*), any legal terms of art (such as "nonexempt" and "class certification"), or any unfamiliar symbols or abbreviations (such as §, LLC, and IWO).

ii.     To assist the Court in determining whether those documents comply with that directive, the motion shall be supported by a declaration of the defendant on personal knowledge concerning the likely age, education, and experience of the class members, and of their ability to read and comprehend English.

l.     The motion shall be accompanied by a separately filed document entitled "Compliance Chart" that shall consist of two columns. One column shall separately list each requirement prescribed by each paragraph or sub-paragraph of sections H.1 and H.3 through H.10 of this order.  The other column shall describe – by document name and page and line numbers – where in the moving papers the corresponding requirement is satisfied.

4.     <u>The Proposed Order</u>

a.     The motion shall be accompanied by a separate proposed order which shall include, as attachments to the order, the proposed notice (Cal. Rules of Court, rule 3.769(e)), proposed exclusion form, proposed objection form, any proposed claim form, and

any other form that is proposed to accompany the notice. The Court is likely to modify those proposed forms. Therefore, the Court will not issue an order that merely incorporates by reference the forms attached to the settlement agreement.

b.   The settlement agreement shall not be attached to the order.

c.   Counsel shall carefully review both the terms and the terminology of the order and accompanying forms (notice, objection form, exclusion form, and any claim form) to confirm that the various documents are internally consistent, consistent with each other, and consistent with the settlement agreement.

d.   The order shall state the name of any settlement administrator, and shall describe the nature of the services that the administrator will be required to perform, either directly or by reference to the settlement agreement.

e.   The order shall provide that the notice shall be accompanied by an exclusion form that the class members may use. The order shall provide that any exclusion form shall be submitted to the settlement administrator rather than filed with the court. The order shall not require the class member to send copies of the exclusion form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every exclusion form received by the administrator.

f.   The proposed order shall provide that the notice shall be accompanied by an objection form that the class members may use. The order shall provide that any objection shall be submitted to the settlement administrator rather than filed with the court. The order shall not require the class member to send copies of the objection form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every objection form received by the administrator.

g.   Neither the order, the notice, nor the objection form shall require an objecting party to do either of the following, either personally or through counsel:

   i.   To appear at the hearing on the motion for final approval for that party's objection to be considered.

   ii.   To file or serve, or to state in the objection, a notice of intention to appear at the hearing on the motion for final approval.

h.   The order shall require that either counsel or the administrator must give notice to any objecting party of any continuance of the hearing of the motion for final approval.

i.   Neither the order nor the notice shall purport to enjoin the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period.

j.   If notice is to be given by mail, and if the class members will be required to submit a claim form, the order shall provide:

   i.   That the notice be accompanied by a stamped envelope addressed to the claims administrator; and

   ii.   That the claims administrator be required to send a reminder notice to every class member from whom no claim or exclusion request is received within 30 days of mailing the notice.

5.   The Proposed Notice

   a.   The notice shall include an estimate of the likely recovery by the individual class member to whom the notice is sent, if known. If it is not known, the notice shall include an estimate of the likely recovery by the average class member. If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

   b.   To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice shall clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

   c.   The notice shall advise the class members of where they can find the settlement agreement, by describing (i) the full title and filing date either of the settlement agreement or of the declaration or other document to which the agreement was attached when filed with the Court, (ii) the address of the courthouse to which the case is assigned, and (iii) the address of the court's website at which the case file can be viewed on-line.

   d.   Neither the notice nor the documents enclosed with it shall describe any settlement administrator as the "claims administrator" unless the class members are required to submit claims.

   e.   The notice shall include a description of any release being given by the class members.

6.   The Proposed Claim Form

   The information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to (a) identify the claimant, (b) process the claim, and (c) contact the claimant to clarify any uncertainties.

7.   The Proposed Objection Form

   a.   The objection form shall (i) instruct the objecting class member that the objection must be mailed or delivered to the settlement administrator, (ii) state the name and address of the settlement administrator, and (iii) state the date by which the objection must be mailed or otherwise delivered.

b.    The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (i) identify the objector as a person entitled to object to the settlement, (ii) describe the nature of and basis for the objection, and (iii) contact the objector to clarify any uncertainties.

c.    If a claim must be submitted to participate in the settlement, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

8.    <u>The Proposed Exclusion Form</u>

a.    The exclusion form shall (i) instruct the class member seeking exclusion that the exclusion form must be mailed or delivered to the settlement administrator, (ii) state the name and address of the settlement administrator, and (iii) state the date by which the exclusion form must be mailed or otherwise delivered.

b.    The information required to be provided by a class member on the exclusion form shall not exceed the minimum information necessary to (i) identify the person as a class member and (ii) contact the person to clarify any uncertainties.

9.    <u>PAGA Penalties</u>

a.    If the action includes a claim for statutory penalties under the Labor Code Private Attorney General Act of 2004 ("PAGA"), the motion shall explain the terms of any settlement of that claim.

b.    If the settlement provides for the payment of penalties under PAGA, the motion shall be accompanied by a declaration describing how the penalties were calculated and otherwise establishing facts sufficient to allow the Court to review and approve those penalties as required by Labor Code section 2699, subdivision (*l*).  In particular, the declaration shall explain:

i.    The nature of the alleged violations.

ii.    The number of alleged individual violations, including both the length of the relevant employment period and the number of aggrieved employees allegedly employed during that period.

iii.    The total amount of penalties for which the defendant is potentially liable were those allegations to be proven.

c.    If the agreed-upon amount of PAGA penalties is less than the statutory maximum, the declaration shall explain why greater penalties would be unjust, arbitrary and oppressive, or confiscatory. (Lab. Code, § 2699, subd. (e)(2); *Amaral vs. Cintax Corp. No. 2* (2008) 163 Cal.App.4[th] 1157, 1213-1214.)  In particular, the declaration shall explain:

i.    The extent to which the alleged violations would be likely to be found true at trial, considering the weight of the evidence, the clarity of the applicable law,

and the strength of any factual or legal defense likely to be asserted by the defendant.

ii.     The nature and extent of the discovery or other investigation undertaken by the plaintiff to estimate the likelihood of proving those allegations at trial.

iii.    The likelihood that any violations would be proven to have been knowing and intentional.

iv.     The total amount of penalties for which the defendant would be likely to be found liable at trial.

v.      Any facts that tend to suggest that the imposition of the total amount of statutory penalties for which the defendant would be likely to be found liable at trial would be unjust, arbitrary and oppressive, or confiscatory.

vi.     How the amount of the agreed-upon penalties was calculated or otherwise arrived at.

vii.    Whether the parties utilized the services of any neutral party to mediate this dispute.

viii.   Any other factors that are material to a determination that the amount of the agreed-upon penalties is fair.

d.  Any release of claims for PAGA penalties:

i.      Shall bind only the named plaintiff and the State of California;

ii.     Shall release only those claims described in the notice sent by the plaintiff to the Labor and Workforce Development Agency, and only to the extent that those claims are also alleged in the complaint.

e.  If any aggrieved employees cannot be found, or if the checks sent to aggrieved employees as their share of the PAGA penalties are not cashed, and the collective amount of those checks do not justify the expense of a second distribution to aggrieved employees who did cash their checks, the unclaimed funds shall be distributed to the Labor and Workforce Development Agency rather than to any *cy pres*.

10.  Revised Documents

If the Court either denies the motion or continues the hearing on the motion, and if the plaintiff thereafter files any amended settlement agreement, order, notice or form in support of either that motion or a renewed motion, the plaintiff shall file a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

I.    MOTIONS FOR FINAL APPROVAL OF A SETTLEMENT

If a motion for preliminary approval is granted, the plaintiff must thereafter move for final approval of the settlement.

1.    The order granting preliminary approval will set the date for the hearing on the plaintiff's motion for final approval.  Promptly after the entry of that order, the plaintiff shall reserve a law and motion hearing on the date set in the order.

2.    Any request for a "service," "enhancement," or "incentive" payment to a named class representative shall be supported by a declaration from the proposed recipient in which the declarant:

    a.    Describes the services performed by the declarant to further the prosecution of the action;

    b.    Estimates the time incurred by the declarant in performing those services;

    c.    Describes any risks assumed by the declarant in prosecuting the action;

    d.    Describes any adverse consequences actually suffered by the declarant as a result of prosecuting the action;

    e.    Describes any benefits received by the declarant as a result of prosecuting the action;

    f.    Describes the nature and amount of any expenses incurred by the declarant to further the prosecution of this action;

    g.    Describes the nature and value of any individual claims being released by the declarant, and explains how that value was calculated;

    h.    States whether the declarant is or was a named class representative in any other case, pending or closed, and if so, identifies any such case; and

    i.    States the amount that the declarant expects to receive as a class member.

3.    Any request for compensation for attorney's fees in a case that does not result in the creation of a common fund shall be supported by a lodestar analysis.  Any request for an attorney-fee award measured as a percentage of a common fund shall be supported by a lodestar analysis as a cross-check for the reasonableness of such a percentage award.  In either case, the lodestar analysis shall be supported by a declaration that:

    a.    Authenticates copies of the contemporaneous time records maintained by the plaintiff's attorneys for the services performed in this case.  If no contemporaneous time records were maintained, then the declaration shall state that fact, and shall (i) explain why no such records were kept, (ii) state the date on which legal services were provided, (iii) describe in detail the nature of those services, (iv) estimate the time incurred in performing those services, and (v) describe the basis for that estimate.

b.  Describes both (i) the hourly rate or rates customarily charged by each attorney for that attorney's time during the period in which those services were performed, and (ii) the attorney's experience and expertise that justify such a rate. The declaration shall state whether the attorney has clients that pay that rate, and if so, the percentage of the attorney's clients that do so. If the attorney works exclusively on a contingency basis, the declaration shall explain the basis for the hourly rate assigned to that attorney's work.

c.  States whether there is a fee-splitting agreement between plaintiff's counsel and any other attorney or law firm. If so, the declaration shall identify the other attorney or law firm, shall describe the terms of that agreement, and shall state whether the named plaintiff has approved that agreement in writing. (See Cal. Rules of Court, rule 3.769(b).)

4.  Any request for compensation for expenses incurred by the plaintiff's attorneys shall be supported by a detailed declaration or other evidence describing the date, nature, and amount of each expense incurred. In addition, the declaration:

a.  As to any travel expense exceeding $100, shall identify the mode of travel (e.g., by car, taxi, airplane, etc.), the starting point, the destination, and the number of persons making the trip.

b.  As to any expenses for overnight accommodations, shall explain the necessity for staying overnight and the number of persons doing so.

c.  As to any filing-fee expense, shall distinguish between court filing fees and fees for a courier or attorney's service to deliver the documents to be filed to the court.

d.  Shall omit any claim for any expense related to a motion for preliminary approval that was denied because of the plaintiff's failure to comply with the CMO, or to a hearing on such a motion that was continued for such a failure.

5.  The motion shall be accompanied by a declaration from the settlement administrator. That declaration shall:

a.  Describe both (i) the administrator's distribution of the notice, objection form, exclusion form, and any claim form, and (ii) the results thereof. If claims are required, the declaration shall describe the number of claims received and the total value of the claims. The declaration shall clearly distinguish between valid forms and any forms that are untimely, incomplete, or otherwise invalid.

b.  Attach and authenticate (i) a copy of the final version of the notice and of all forms enclosed with it, including the objection form, the exclusion form, and any claim form, (ii) a copy of every objection form received, and (iii) a copy of every exclusion form received. If the reasons stated on any objection form are in a language other than English, the administrator shall include a translation into English.

c.  Describe (i) the services performed by the administrator to the date of the declaration, (ii) the time and expenses incurred to perform those services, and (iii) either the fee charged for those the services or the agreed-upon flat fee.

d.  Describe (i) the services to be performed by the administrator after the date of the declaration, (ii) the estimated time and expenses needed to perform those services, and (iii) either the estimated fee for those the services or the agreed-upon flat fee.

6.  If the settlement includes compensation for unpaid wages, and if the employer's share of the payroll taxes is to be paid out of the settlement funds, the motion shall be supported by a declaration estimating the amount of those taxes.

7.  The motion shall be accompanied by a proposed judgment or, if counsel prefer, a proposed combined order and judgment.

8.  The judgment shall require that:

a.  Any envelope transmitting a settlement distribution to a class member shall bear the notation, "YOUR CLASS ACTION SETTLEMENT CHECK IS ENCLOSED."

b.  Any settlement distribution check shall be negotiable for at least 90 days but not more than 180 days from the date of mailing.

c.  The administrator shall mail a reminder postcard to any class member whose settlement distribution check has not been negotiated within 60 days after the date of mailing.

d.  If (i) any of the class members are current employees of the defendant, (ii) the distribution mailed to those employees is returned to the administrator as being undeliverable, and (iii) the administrator is unable to locate a valid mailing address, the administrator shall arrange with the defendant to have those distributions delivered to the employees at their place of employment.

9.  The first reference in the judgment to the settlement agreement shall include a statement of (a) the title of the settlement agreement, (b) the date the agreement was filed, and (c) the name of the document to which the agreement was attached, if any.

10. The judgment shall state the names of any class members who excluded themselves from the settlement, if any.

11. If multiple law firms represent the plaintiff, the judgment shall separately state the fees and expenses to be paid to each firm.

12. If the settlement agreement provides for the distribution of any funds to a *cy pres* recipient, the judgment shall state the recipient's name and address, and shall describe the circumstances under which funds would be paid to that recipient.

13. The judgment shall not:

a.  Expose the class members to a potential contempt charge by barring or otherwise enjoining the class members from prosecuting the released claims.

b. Include a provision that the class members shall be deemed to have agreed not to sue on any released claims, or any other provision that may expose the class members to potential liability for either breach of contract or misrepresentation.

c. Provide for the dismissal of the action.  (Cal. Rules of Court, rule 3.769(h).)

14. The judgment may restrict the plaintiff and the defendant from offering the settlement agreement into evidence in actions between each other, but shall not purport to prevent other parties from doing so or to otherwise predetermine its admissibility in litigation involving third parties.

15. If the Court either denies the motion for final approval or continues the hearing on the motion, and if the plaintiff thereafter files any amended proposed order or judgment, or other document in support of either that motion or a renewed motion, the plaintiff shall file a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

J. MOTIONS REGARDING CLASS CERTIFICATION

1. No motion for class certification or to deny class certification shall be filed without leave of court.  Before leave to file such a motion is requested, the Court expects the parties to have exhausted efforts to mediate a resolution of the case.

2. At the time that the Court grants leave of court to file either a motion for class certification or a motion denying class certification, the Court will also establish a briefing schedule and will set a status conference on a date after the reply brief is due.  At the status conference, the Court will determine the date on which the motion will be heard.  The hearing date may be far enough in the future to allow for further mediation.  If the Court fails to set such a status conference, the hearing date reserved by the moving party shall be far enough in the future to extend the briefing schedule prescribed by California Rules of Court, rule 3.764(c)(1) by 3 calendar days; i.e., the motion shall be filed and served at least 31 calendar days before the hearing date, the opposition at least 17 calendar days before, and reply at least 8 calendar days before.

3. If multiple classes or subclasses are alleged, the motion shall address the issues of definition, ascertainability and numerosity separately as to each class or subclass.

4. If multiple class representatives are proposed, the motion shall address the issues of typicality and adequacy of representation separately as to each representative.

5. If multiple class claims are alleged, the motion shall address the issue of whether common questions of law and fact predominate separately as to each such claim.

6. A motion for class certification shall include:

a. A trial plan that explains how the plaintiff will establish a prima facie case at trial. If the plaintiff intends to rely upon statistical evidence to prove any portion of any class claim, the plan shall describe that evidence and how it will be used to promote

manageability. If the defendant has raised any affirmative defenses that rely upon individual evidence, the plan that explains how those defenses can be litigated.

b.  A declaration of proposed class counsel, describing his or her experience in representing a class at trial.

## K.   TRIAL

1.  If the Court declares that a party has forfeited its right to a jury trial, that party shall not post jury fees until that party has obtained relief from that forfeiture.

2.  Any request for relief from a forfeiture of the right to a jury trial must be brought in the form of a noticed motion to be heard not later than 21 days before the trial readiness conference, or if no TRC is set, then not later than 21 days before the date first set for trial.

## L.   JUDGMENTS

Whether issued after trial or after final approval of a settlement, any judgment shall comply with the following:

1.  The judgment shall describe both the text of the notice of entry of judgment to be given to the class members (Cal. Rules of Court, rule 3.771(b)), the party or person required to give that notice, and the manner in which that notice is to be given.

2.  If the judgment provides for payments to class members:

a.  The judgment shall describe the intended disposition of any uncashed checks or other cash residue, including the name and address of the recipient.

b.  The judgment shall set a deadline for the filing of a report concerning uncashed checks or other cash residue and shall identify the party or person responsible for filing that report. That deadline shall be after the deadline for the class members to negotiate their checks.

c.  The judgment shall require the report to be in the form of a declaration from the settlement administrator or other declarant with personal knowledge of the facts, and to describe (i) the date the checks were mailed, (ii) the total number of checks mailed to class members, (iii) the average amount of those checks, (iv) the number of checks that remain uncashed, (v) the total value of those uncashed checks, (vi) the average amount of the uncashed checks, and (vii) the nature and date of the disposition of those unclaimed funds.

d.  If Code of Civil Procedure section 384.5 is applicable, the judgment shall require the report to be accompanied by a proposed amended judgment that complies with that section.

M.   <u>FAILURE TO COMPLY</u>

1.   If it appears that any attorney or party has violated any provision of this order, the Court may issue an order to show cause why monetary sanctions should not be imposed upon that attorney or party in an amount not to exceed $1,500.  (Code Civ. Proc., § 177.5; Cal. Rules of Court, rule 2.30(b).)

2.   If the plaintiff's counsel fails to comply with the provisions of this order concerning motions for preliminary approval or final approval of a proposed settlement, with the result that final approval of the settlement is unnecessarily delayed, then the Court may reduce the attorney's-fee award to plaintiff's counsel to compensate the class members for the interest lost during the delay and to deny compensation to the attorney for that deficiency in the attorney's services. That reduction may be in the amount of $1,500 or more for every motion that fails to comply with this order.

N.   <u>OTHER</u>

___ ___   The Case Management Conference currently scheduled for ___, 2022, is advanced or continued to ___, 2022, at 8:30 A.M. in Department 1.

___   The status conference currently set for ___, 2022, is vacated.

___   The Court sets a Case Management Conference on ___2022 at 8:30 A.M.

___   This CMO #2 entirely supersedes CMO #1, filed ___.

___   The defendant having failed to pay the jury fees required by Code of Civil Procedure section 631, subdivision (b), within the time required by subdivision (c), that party has forfeited its right to a jury trial.

___   The plaintiff's complaint does not comply with California Rules of Court, rule 3.761(b) regarding Class Action Allegations.  No later than ___, 2022, the plaintiff shall file an amended complaint that fully complies with that rule.

_____
Craig G. Riemer, Judge of the Superior Court

v. 165

Page 22 of 22

Exhibit A - Page 77

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Southwest Justice Center
### 30755-D Auld Road, Murrieta, CA 92563

**Case Number:**   CVRI2202014

**Case Name:**   DUENAS vs STREMICKS HERITAGE FOOD

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Notices Mailed: Class Action Case Management Order #1

Dated: 05/31/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

E. Escobedo, Deputy Clerk

CW-CCM
(Rev. 08/24/17)

Exhibit A - Page 78

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2202014

SIEGEL, ELLIOT J.
724 S. SPRING STREET, SUITE 201
Los Angeles, CA 90014

Exhibit A - Page 79

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Elliot JH. Siegel (SBN: 286798); Zachary Tucker (SBN: 323084)<br>KING & SIEGEL LLP<br>724 S. Spring Street, Suite 201<br>Los Angeles, CA 90014<br><br>TELEPHONE NO: (213) 465-4802    FAX NO. *(Optional)* (213) 465-4803<br>E-MAIL ADDRESS *(Optional)*: elliot@kingsiegel.com; zac@kingsiegel.com<br>ATTORNEY FOR *(Name)*: Plaintiff Gerardo Duenas | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF/PETITIONER: Gerardo Duenas | |
| DEFENDANT/RESPONDENT: Stremicks Heritage Food, et al. | CASE NUMBER:<br>CVRI2202014 |

| **CERTIFICATE OF COUNSEL** |
|---|

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92505_____

☐   The action concerns real property located in the zip code of:  _____

☐   The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  5/19/2022_____

Elliot J. Siegel
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►  _____*Elliot J. Siegel*_____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localfrms/localfrms.shtml

Exhibit A - Page 80

Case 5:22-cv-01039-FLA-SHK Document 1-1 Filed 06/24/22 Page 71 of 82 Page ID #:83

Case Number CVRI2202014 0000024393299 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Keri Noonan, Clerk

**POS-040**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO:<br>NAME: Elliot J. Siegel (SBN 286798); Erum Siddiqui (SBN 325984)<br>FIRM NAME: KING & SIEGEL LLP<br>STREET ADDRESS: 724 S. Spring Street, Suite 201<br>CITY: Los Angeles  STATE: CA  ZIP CODE: 90014<br>TELEPHONE NO.: (213) 465-4802  FAX NO.: (213) 465-4803<br>E-MAIL ADDRESS: elliot@kingsiegel.com; erum@kingsiegel.com<br>ATTORNEY FOR (name): Plaintiff Gerardo Duenas | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS: 4050 Main Street<br>CITY AND ZIP CODE: Riverside, CA 92501<br>BRANCH NAME: Riverside Historic Courthouse |

| | |
|---|---|
| Plaintiff/Petitioner: Gerardo Duenas<br>Defendant/Respondent: Stremicks Heritage Food, et al. | CASE NUMBER:<br>CVRI2202014 |
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service** *(only one):*<br>[ ] By Personal Service [x] By Mail [ ] By Overnight Delivery<br>[ ] By Messenger Service [ ] By Fax | JUDICIAL OFFICER:<br>Hon. Raquel A. Marquez<br>DEPARTMENT:<br>S303 |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action**.

2. My residence or business address is:

   724 S. Spring Street, Suite 201, Los Angeles, CA 90014

3. [ ] The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* June 14, 2022  I served the following **documents** *(specify):*
   Notice of Case Management Order No. 1

   [ ] The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Stremicks Heritage Food, LLC

   b. [x] *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*

   Business or residential address where person was served:
   C/o Incorporating Services, LTD 7801 Folsom Blvd., 202, Sacramento, CA 95286

   c. [ ] *(Complete if service was by fax.)*

   Fax number where person was served:

   [ ] The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. [ ] **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2020] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rule 2.306<br>www.courts.ca.gov |

Exhibit A - Page 81

POS-040

| CASE NAME:<br>Duenas v Stremicks Heritage Food, LLC, et al. | CASE NUMBER:<br>CVRI2202014 |
|---|---|

6. b.  [x]  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1)  [ ]  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2)  [x]  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*  Los Angeles, CA

  c.  [ ]  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d.  [ ]  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e.  [ ]  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  June 14, 2022

Josue Avila

    (TYPE OR PRINT NAME OF DECLARANT)

▶ *Josue Avila*

    (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

[ ]  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

    (NAME OF DECLARANT)

▶

    (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Exhibit A - Page 82

POS-040

# INFORMATION SHEET FOR PROOF OF SERVICE—CIVIL

*(This information sheet is not part of the official proof of service form and does not need to be copied, served, or filed.)*

**USE OF THIS FORM**

This form is designed to be used to show proof of service of documents by (1) personal service, (2) mail, (3) overnight delivery, (4) messenger service, or (5) fax.

This proof of service form should **not** be used to show proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Also, this proof of service form should **not** be used to show proof of electronic service. For that purpose, use *Proof of Electronic Service* (form POS-050).

Certain documents must be personally served. For example, an order to show cause and temporary restraining order generally must be served by personal delivery. You must determine whether a document must be personally delivered or can be served by mail or another method.

**GENERAL INSTRUCTIONS**

A person must be over 18 years of age to serve the documents. The person who served the documents must complete the Proof of Service. **A party to the action cannot serve the documents**.

The Proof of Service should be typed or printed. If you have Internet access, a fillable version of this proof of service form is available at *www.courts.ca.gov/forms.htm*.

*Complete the top section of the proof of service form as follows:*

<u>First box, left side</u>: In this box print the name, address, and telephone number of the person for whom you served the documents.

<u>Second box, left side</u>: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as the address on the documents that you served.

<u>Third box, left side</u>: Print the names of the plaintiff/petitioner and defendant/respondent in this box. Use the same names as are on the documents that you served.

<u>Fourth box, left side</u>: Check the method of service that was used. You should check only one method of service and should show proof of only one method on the form. If you served a party by several methods, use a separate form to show each method of service.

<u>First box, top of form, right side</u>: Leave this box blank for the court's use.

<u>Second box, right side</u>: Print the case number in this box. The case number should be the same as the case number on the documents that you served.

<u>Third box, right side</u>: State the judge and department assigned to the case, if known.

*Complete items 1–6:*

1. You are stating that you are over the age of 18.

2. Print your home or business address.

3. If service was by fax service, print the fax number from which service was made.

4. List each document that you served. If you need more space, check the box in item 4, complete the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)), and attach it to form POS-040.

5. Provide the names, addresses, and other applicable information about the persons served. If more than one person was served, check the box on item 5, complete the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)), and attach it to form POS-040.

6. Check the box before the method of service that was used, and provide any additional information that is required. The law may require that documents be served in a particular manner (such as by personal delivery) for certain purposes. Service by fax generally requires the prior agreement of the parties.

**You must sign and date the proof of service form. By signing, you are stating under penalty of perjury that the information that you have provided on form POS-040 is true and correct.**

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

Exhibit A - Page 83

**POS-040(P)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Duenas v Stremicks Heritage Food, LLC, et al | CVRI2202014 |

# ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u> | <u>Where Served</u> |
|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For service by fax, provide fax number.)* |
| Jack Noenickx | 4002 Westminster Avenue, Santa Ana, CA 92703 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page __1__ of __1__

*www.courts.ca.gov*

Exhibit A - Page 84

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

Case Number CVRI2202014 0000022915962 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Evelin Hernandez, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elliot Siegel, 286798<br>King & Siegel LLP<br>724 S. Spring Street, 201<br>Los Angeles, California 90014<br>TELEPHONE NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Riverside County
~~4050 Main Street~~
~~Riverside, CA 92501-3703~~

Southwest Justice Center
30755 - D Auld Road #1226
Murrieta, CA 92563

| PLAINTIFF/PETITIONER: Gerardo Duenas | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stremicks Heritage Food, et al. | CVRI2202014 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>00504 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons; Complaint; Civil Case Cover Sheet; Notice of Department Assignment; Certificate of Counsel; Alternative Dispute Resolution Information Package; Affidavit

3. a. Party served:  Stremicks Heritage Food, a Delaware limited liability company

   b. Person Served: Incorporating Services Ltd. - Jennifer Lee - Person Authorized to Accept Service of Process

4. Address where the party was served: 7801 Folsom Blvd., #202
   Sacramento, CA 95826
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 05/25/2022          (2) at  (time): 11:02AM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Stremicks Heritage Food, a Delaware limited liability company
   under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:         Tyler Anthony DiMaria
   b. Address:      One Legal - P-000618-Sonoma
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 80.00
   e I am:
       (3) registered California process server.
           (i)  Employee or independent contractor.
           (ii)  Registration No.: 2006-06
           (iii)  County:  Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  05/25/2022

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Exhibit A, Page 85

Electronically FILED by Superior Court of California, County of Riverside on 06/14/2022 03:41 PM
Case Number CVRI2202014 0000024393298 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Keri Noonan, Clerk

1 | Elliot J. Siegel (Bar No. 286798)
elliot@kingsiegel.com
2 | Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
3 | Erum Siddiqui (Bar No. 325984)
erum@kingsiegel.com
4 | **KING & SIEGEL LLP**
5 | 724 South Spring Street, Suite 201
Los Angeles, California 90014
6 | tel:   (213) 465-4802
7 | fax:   (213) 465-4803

8 |
Attorneys for Plaintiff and Putative Class
9 |

10 |         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11 |               **FOR THE COUNTY OF RIVERSIDE**
12 |

13 | **Gerardo Duenas**, individually and on          CASE NO. CVRI2202014
14 | behalf of all similarly situated individuals,
                                                     [Assigned to Honorable Raquel A.
15 |               Plaintiff,                         Marquez
                                                     Department S303]
16 |
17 |         vs.
                                                     **REQUEST FOR MODIFICATION OF**
18 | **Stremicks Heritage Food**, a Delaware          **CASE MANAGEMENT ORDER**
     limited liability company; **Jack Noenickx**,
19 | an individual; and **Does 1-10**, inclusive;    Case Filed: May 19, 2022
                                                     Trial Date:   None Set
20 |
                Defendants.
21 |

22 |
23 |
24 |
25 |
26 |
27 |
28 |

Pursuant to Paragraph A(1), Plaintiff Gerardo Duenas ("Plaintiff") hereby objects to the Case Management Order dated May 31, 2022 (the "Order") and respectfully requests that it be modified as follows:

1.  Paragraph B(6)(c) provides that the parties "shall meet and confer in person or by telephone." Plaintiff requests this section be amended to only require a telephonic or email meet and confer because of the ongoing COVID-19 health crises in order to protect the health and safety of Counsel, the Court, and their staff.

2.  Paragraph D(2) provides that the Parties shall meet and confer "in person or by videoconference" for purposes of the initial case management conference. Plaintiff requests this section be amended to only require a telephonic or videoconference meet and confer because of the ongoing COVID-19 health crises in order to protect the health and safety of Counsel, the Court, and their staff.

3.  Paragraph E(5)(a) provides that the Parties shall meet and confer "in person or by telephone" for purposes of all discovery disputes. Plaintiff requests this section be amended to only require a telephonic or email meet and confer efforts because of the ongoing COVID-19 health crises in order to protect the health and safety of Counsel, the Court, and their staff.

4.  Paragraph D(6) requires that "Lead counsel shall appear at the Case Management Conference and status conferences." Plaintiff requests this section be amended to allow other counsel to appear on behalf of lead counsel where exigent circumstances prevent the appearance of lead counsel provided that such counsel has all necessary authority and knowledge to adequately respond to the Court's inquiries and orders. Plaintiff further requests that counsel be allowed to appear remotely at all hearings because of the ongoing COVID-19 health crises in order to protect the health and safety of Counsel, the Court, and their staff.

5.  Paragraph E(5)(e) provides that requesting an IDC tolls the deadline to file a

1  discovery motion. Plaintiff requests this section be amended to indicate that the

2  tolling ends 15 days after the request for an IDC is granted or denied, or 30 days

3  after the request is made in the event the request is not acted on.

4

5  Dated: June 14, 2022                          Respectfully submitted,

6                                                **KING & SIEGEL LLP**

7

8                                                By: _Elliot J. Siegel_____
                                                 Elliot J. Siegel

9                                                Erum Siddiqui

10                                               Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**King & Siegel** LLP

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Josue Avila, hereby state that I am over the age of 18 and not a party to this action. I am employed in and a resident of the county where service occurred, and my business address is 724 S. Spring Street, Suite 201, Los Angeles, California 90014.

On June 14, 2022, I caused to be served the following documents described below using the method(s) of service indicated herein:

1. **REQUEST FOR MODIFICATION OF CASE MANAGEMENT ORDER**

These documents have been served on the interested parties in this action as follows:

**STREMICKS HERITAGE FOOD, LLC**
c/o Incorporating Services, LTD.
7801 Folsom Blvd., #202
Sacramento, CA 95286

**JACK NOENICKX**
4002 Westminster Avenue
Santa Ana, CA 92703

**[X] BY U.S. MAIL:** I enclosed the document set forth above in a sealed envelope or package addressed to the person at their last known address on the above service list and deposited the sealed envelope with a United States Postal Service drop-box, postage fully prepaid.

I declare under penalty of perjury pursuant the laws of State of California that the foregoing is true and correct.

Executed on June 14, 2022 in Los Angeles, California.

_____
Josue Avila

Exhibit A - Page 89

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
Court on its Own Motion Continues the 7/18/2022 Case Management Conference

06/23/2022
8:30 AM
Department S303

**CVRI2202014**
**DUENAS vs STREMICKS HERITAGE FOOD**

Honorable Raquel A. Marquez, Judge
A. Alvarado, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**

No Appearances

On Court's own motion:
Continue (future hearing) 07/18/2022 08:30 AM Case Management Conference - Complex to
07/25/22 at 10:30 AM in Department S303.
Reason for Continuance: complex cases are heard on Monday's at 10:30 a.m.
Notice to be given by Clerk.
Minute entry completed.

Exhibit A - Page 90

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

**Case Number:**   CVRI2202014

**Case Name:**   DUENAS vs STREMICKS HERITAGE FOOD

ELLIOT J. SIEGEL
724 S. SPRING STREET, SUITE 201
Los Angeles, CA 90014

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Notices Mailed: re: Minute Order dated 6/23/2022

Dated: 06/23/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
A. Alvarado, Deputy Clerk

CW-CCM
(Rev. 08/24/17)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2202014


SIEGEL, ELLIOT J.
724 S. SPRING STREET, SUITE 201
Los Angeles, CA 90014

Exhibit A - Page 92